■ VOULA MAVRIKIS, Also Known as PARASKEVI MAVRIKIS, et al., Plaintiffs, v BROOKLYN UNION GAS COMPANY, Appellant, and HOWARD T. MACEY et al., Respondents. [601 NYS2d 612] —Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered on or about December 22, 1992, which, *inter alia,* granted a protective order with respect to certain demands in defendant-appellant's second supplemental notice for discovery and inspection, unanimously modified, on the law and the facts, and in the exercise of discretion, without costs or disbursements, to deny the protective order with respect to demands numbered 6 and 7, and to remand the matter to the IAS Court with respect to the demands numbered 8 to 16 inclusive, 18, and 21, and to direct that respondents supply that court with the material at issue with respect to the demands numbered 8 to 16 inclusive, 18 and 21, for in camera review to allow a more informed determination of whether these reports were prepared for the express purpose of litigation or whether they were reports which normally result from the regular internal operation of the business, and otherwise affirmed.

Emmanuel Mavrikis, plaintiff's husband, died as a result of a fire on respondents' premises. Plaintiff brought this action

against respondents ("the Maceys") and against appellant Brooklyn Union Gas Company ("Brooklyn Union"). Brooklyn Union is alleged to have had old gas-lighting piping in the building. Brooklyn Union served upon the Maceys a second supplemental notice for discovery and inspection dated January 29, 1992; and the Maceys moved for a protective order against that notice, contending that it sought discovery of items which are privileged and immune or irrelevant and immaterial. The Maceys challenged all but five of the 22 demands; those five were the demands numbered 1, 2, 5, 17, and 22.

The IAS Court denied the motion as to demand numbered 3, and that denial is affirmed.

The IAS Court granted the motion as to demands numbered 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, and 21, relying on *Vernet v Gilbert* (90 AD2d 846) and *Hill v Misericordia Hosp. Med. Ctr.* (91 AD2d 915). Those cases, however, involved medical malpractice actions in which the defendants prepared and submitted reports to their malpractice insurance carriers with regard to the claims against them. The burden of demonstrating immunity from discovery is on the party asserting the immunity *(Koump v Smith,* 25 NY2d 287, 294), and if litigation is only one of the motives of a report, the report is not immune from discovery *(Westhampton Adult Home v National Union Fire Ins. Co.,* 105 AD2d 627, 628). Here the Maceys have failed to sustain that burden. The brief affidavit of their carrier that all documents prepared in connection with the fire were made in contemplation of litigation is conclusory and does not establish privilege. The demands numbered 6 and 7, which seek repair reports and the value of the premises before the fire, are relevant in determining the extent of damages caused by the fire and must be responded to. Demands numbered 4 (for the subrogation receipt regarding the incident), 19 (for the amount of fire insurance carried), and 20 (for the amount of fire insurance paid) are not relevant to the cause of the fire, however. Concur—Murphy, P. J., Sullivan, Milonas, Asch and Nardelli, JJ.