■ In the Matter of JACK L. ALPERT et al., Appellants. 79 REALTY CORPORATION et al., Respondents. [624 NYS2d 588] —Order of the Supreme Court, New York County (Helen Freedman, J.), entered July 28, 1994, which, inter alia, denied that portion of petitioners' motion to compel respondents to identify all attorneys and individuals who saw documents which respondents claim are privileged, unanimously modified, on the law and facts, and that portion of petitioners' motion is granted to the extent of directing respondents to provide sufficient information to establish that a named attorney actually acted in a professional capacity with respect to the sought-after document and the pertinent period of time, and that it was contemplated that the communication or document was vested with confidentiality as well as sufficient information to demonstrate that confidentiality was maintained with respect to the subject communication or document, and otherwise affirmed, with costs and disbursements payable to petitioners.

After a dispute over the value of shares held by petitioners as minority shareholders in respondent 79 Realty Corporation which was merged with respondent 28 Williams St. Corp.,

which was the majority shareholder in 79 Realty Corporation, petitioners brought this proceeding pursuant to Business Corporation Law § 623 to fix the fair value of their shares, which they believed to be substantially in excess of the purchase price proposed in the merger plan.

Petitioners served respondents with a demand for discovery and inspection seeking, *inter alia,* production of appraisal reports with respect to the property, documents provided to any appraiser, and pertinent income and expense reports for the property. In respondents' answer to this demand, they asserted that petitioners called for documents protected by the attorney-client privilege and either referred to withheld documents in a list annexed to the response or produced copies of such documents redacted to eliminate all purportedly privileged information. Thereafter, petitioners served interrogatories which sought, *inter alia,* to determine whether any attorney-client privilege attached to documents which respondents had redacted or withheld from production. When respondents refused to provide any answer to such interrogatory, petitioners moved for relief in the Supreme Court.

The IAS Court did grant petitioners' motion to the extent of directing respondents to correlate respondents' document production to petitioners' specific discovery requests and provide petitioners with monthly income and expense reports of respondent 79 Realty for the two year period preceding the valuation date or submit an affidavit that such reports could not be obtained from any source. The court, however, denied the branch of petitioners' motion which asked respondents to identify all attorneys and others who had seen documents which respondents have contended are privileged and withheld from production or redacted, based upon the attorney-client privilege. The IAS Court gave as a reason for such denial that "[p]etitioners have put forth no evidence that those documents are not privileged". This, however, reversed the burden of proof relating to the establishment of the attorney-client privilege, and accordingly, we modify to reverse the denial of this branch of the motion.

The attorney-client relationship must be established and demonstrated by the proponent of the asserted privilege *(Matter of Priest v Hennessy,* 51 NY2d 62, 68-69). As pointed out by the Court of Appeals, "the burden of proving each element of the privilege rests upon the party asserting it" *(supra,* at 69). In response to petitioners' requests, respondents made bald conclusory assertions of privilege which were insufficient to meet this test. Thus, petitioners argued that a number of

documents have been redacted or withheld from production merely because such documents refer to individuals who have the honorific "Esq." following their names. Such individuals have not been identified as attorneys possessing an attorney-client relationship with respondents. Likewise, respondents have apparently withheld or redacted documents which appear to consist solely of communications between general and limited partners of respondents. In these instances, the respondents, again in a conclusory fashion, characterize the documents as "conveying" legal advice. Respondents however, did not demonstrate or establish that only respondents' attorneys and their clients were involved in each such communication or that each such communication was a "confidential communication" made to the attorneys for the purpose of obtaining legal advice or services (Matter of Priest v Hennessy, supra).

With the exception of those few documents which were communications to or from retained counsel for respondents, respondents are directed to provide sufficient information to establish that the named attorney actually acted in an attorney-client relationship with respect to the document and during the pertinent period of time. Further, respondents must show that it was contemplated that the communication or document was vested with confidentiality, and also furnish sufficient information to provide assurances that confidentiality was maintained with respect to the subject communications or documents. Concur—Sullivan, J. P., Rosenberger, Kupferman, Asch and Mazzarelli, JJ.