■ AUSTRALIA ROSARIO, Individually and as Administratrix of the Estate of EUFEMIA MARTINEZ, Deceased, Respondent, v NORTH GENERAL HOSPITAL et al., Appellants, et al., Defendants. ST. BARNABAS HOSPITAL, Third-Party Plaintiff, v BONNIE ANN MULLER, M.D., et al., Third-Party Defendants, and JOSEPH EDWARDS, M.D., et al., Third-Party Defendants-Respondents. [835 NYS2d 181]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered November 15, 2006, insofar as it granted the motion by third-party defendants Edwards, Battle and Guillaume for, inter alia, copies of all documentation between defendants North General Hospital and Zikria relating to a disclaimer of insurance coverage as to Zikria, unanimously affirmed, without costs.

In this action for medical malpractice and wrongful death, counsel for defendants North General and Zikria announced— 2¹/₂ years after the filing of the note of issue and just over a year after codefendant St. Barnabas Hospital had commenced a third-party action against its own attending physicians—that North General, which is self-insured, was disclaiming insurance coverage for its attending physician and codefendant, Dr. Zikria. Third-party defendants Edwards, Battle and Guillaume sought disclosure of all documentation between North General and Zikria relating to that disclaimer of insurance coverage.

North General and Zikria were required to prove that the insurance disclaimer documentation constituted material prepared solely for litigation, in order for it to be conditionally immune from discovery pursuant to CPLR 3101 (d) (*see Mavrikis v Brooklyn Union Gas Co.*, 196 AD2d 689 [1993]). They failed to

sustain that burden, since disclaiming insurance coverage is within the ordinary course of an insurer's business, and litigation may have been only one of the motives for preparation of such disclaimer documentation (*see Westhampton Adult Home v National Union Fire Ins. Co. of Pittsburgh Pa.*, 105 AD2d 627 [1984]). Consequently, any communication between North General and Zikria that aided in the process of deciding whether to disclaim insurance coverage for the latter, as well as the letter of disclaimer itself, were part of the regular course of North General's business, as the insurer herein, and as such are discoverable (*see Millen Indus. v American Mut. Liab. Ins. Co.*, 37 AD2d 817 [1971]). In any event, Drs. Edwards, Battle and Guillaume are entitled to at least written notice of the disclaimer of insurance pursuant to Insurance Law § 3420 (d). Concur—Mazzarelli, J.P., Andrias, Saxe, Sweeny and Malone, JJ.