■ AMBAC ASSURANCE CORPORATION et al., Appellants, v DLJ MORTGAGE CAPITAL, INC., et al., Respondents. [939 NYS2d 333]—

This action arises from the securitization of home equity lines of credit, which were aggregated into a "pool" by defendant DLJ Mortgage Capital, Inc., and then transferred to a trust that was formed to issue securities to investors. The securities would be paid down based on the cash flow from the pooled loans. Defendant Credit Suisse Securities USA LLC served as the underwriter for the public offering of these securities, and plaintiff Ambac Assurance Corporation, through plaintiff The Segregated Account of AMBAC Assurance Corporation, issued an insurance policy guaranteeing payment of certain classes of the securities issued.

When the loans began to default at what plaintiffs considered to be a high rate, they retained a law firm, which retained RMG Global (RMG) to conduct a forensic re-underwriting review of the loans in the securitization. Following plaintiffs' commencement of this action based on RMG's findings, defendants served demands seeking any and all records surrounding RMG's review. Plaintiffs provided defendants with RMG's conclusions and the raw data RMG used in its analysis of the loans at issue. However, asserting the attorney work product and trial preparation privileges, plaintiffs objected to the remainder of defendants' demands, including any correspondence between RMG and the law firm plaintiffs retained, and documents concerning the methodology employed by RMG in its review.

Defendants moved to compel disclosure on the ground that plaintiffs had placed RMG's findings "at issue," and plaintiffs opposed, without providing evidence to establish the basis for their assertion of privilege. Defendants argued, in reply, that plaintiffs failed to meet their burden of establishing privilege in the first instance. The court granted defendants' motion, both on the ground that plaintiffs failed to meet their burden of establishing privilege and on the ground that they waived privilege by placing the materials "at issue."

Although the party challenging disclosure bears the burden of establishing that the information sought is immune from disclosure (see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376-377 [1991]), defendants here, as proponents of the motion, did not challenge the existence of a privilege until their reply. "[T]he function of a reply affidavit is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of the motion" (Ritt v Lenox Hill Hosp., 182 AD2d 560, 562 [1992]). Accordingly, the court erred in granting defendants' motion on burden grounds.

Furthermore, the " '[a]t issue' waiver of privilege occurs where a party affirmatively places the subject matter of its own privileged communication at issue in litigation, so that invasion of the privilege is required to determine the validity of a claim or defense of the party asserting the privilege, and application of the privilege would deprive the adversary of vital information" (Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust, 43 AD3d 56, 63 [2007]). However, the fact "that a privileged communication contains information relevant to issues the parties are litigating does not, without more, place the contents of the privileged communication itself 'at issue' in the lawsuit" (id. at 64; see also Long Is. Light. Co. v Allianz Underwriters Ins. Co., 301 AD2d 23, 33 [2002]). Generally, no "at issue" waiver is found where the party asserting the privilege does not need the privileged documents to sustain its cause of action (see Deutsche Bank at 65).

Here, plaintiffs did not waive privilege by placing RMG's review of the loans "at issue." All references to the "third-party consultant" in their complaint could be stricken and it would still stand. Mention of a third-party consultant was not made as an element of the claim, but as a good-faith basis for the allegations made. Since plaintiffs do not "need the privileged documents to sustain [their] cause of action," they have not "waived the attorney-client privilege by injecting privileged materials into the lawsuit" (Manufacturers & Traders Trust Co. v

*Servotronics, Inc.*, 132 AD2d 392, 397 [1987]). Nor did plaintiffs waive the privilege by making a selective non-disclosure (*see Carone v Venator Group*, 289 AD2d 185 [2001]). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Richter and Abdus-Salaam, JJ.

Motion seeking to have the Court take judicial notice of certain court records granted on consent. **[Prior Case History: 31 Misc 3d 1208(A), 2011 NY Slip Op 50533(U).]**