■ MBIA Insurance Corporation, Respondent, v Countrywide Home Loans, Inc., et al., Appellants. [941 NYS2d 56]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about January 28, 2011, which denied defendants' motion to, among other things, compel disclosure of documents and information concerning plaintiff's "remediation efforts," unanimously affirmed, without costs. Order, same court and Justice, entered July 1, 2011, which, to the extent appealed from, granted plaintiff's motion to, among other things, compel disclosure of documents and information concerning defendants' repurchase review, and denied defendants' cross motion for a protective order preventing such disclosure, unanimously affirmed, without costs.

Plaintiff met its burden of establishing that the documents concerning its remediation efforts were primarily prepared in anticipation of litigation and are, thus, privileged matter (*see JP Foodservice Distribs. v Sorrento, Inc.*, 305 AD2d 266 [2003]; CPLR 3101 [d] [2]). Indeed, plaintiff submitted evidence, including retainer agreements, showing that its counsel retained consultants to help provide legal advice to plaintiff with respect to potential legal claims against defendants. That plaintiff used the facts revealed by the consultants' work to avail itself of its contractual right to demand repurchases does not render the consultants' materials of "mixed purpose," especially since plaintiff had already paid, and was continuing to pay, the claims that were being investigated by the consultants (*compare Landmark Ins. Co. v Beau Rivage Rest.*, 121 AD2d 98, 102 [1986]; *Chemical Bank v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 70 AD2d 837, 838 [1979]).

Plaintiff also established that the materials are protected by the attorney-client privilege and the attorney work product privilege (*see* CPLR 4503, 3101 [c]), both of which extend to documents generated by consultants retained by counsel "to assist in analyzing or preparing" for anticipated litigation (*Hudson Ins. Co. v Oppenheim*, 72 AD3d 489, 490 [2010]).

Plaintiff has not waived any privilege by referencing its repurchase review in its amended complaint. Indeed, plaintiff does not need the privileged materials concerning the review to sustain its causes of action (*Manufacturers & Traders Trust Co. v Servotronics, Inc.*, 132 AD2d 392, 397 [1987]; *see Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust*, 43 AD3d 56, 64 [2007]).

The motion court properly held that documents and information concerning defendants' repurchase review, generated in response to plaintiff's repurchase requests, are discoverable. Plaintiff proved that its repurchase analysis was not a part of its ordinary business. By contrast, the record shows that processing repurchase requests was an inherent and long-standing part of defendants' business (*see Brooklyn Union Gas Co. v American Home Assur. Co.*, 23 AD3d 190, 191 [2005]). That a new division was created to respond to plaintiff's repurchase requests, or that litigation appeared imminent, is of no moment; defendants were, and always had been, contractually obligated to conduct repurchase reviews and such reviews were, and always had been, conducted by defendants' own staff of underwriters and auditors (*see e.g. 148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co.*, 62 AD3d 486, 487 [2009]; *Rosario v North Gen. Hosp.*, 40 AD3d 323 [2007]). Concur—Saxe, J.P., Sweeny, Renwick, DeGrasse and Richter, JJ. **[Prior Case History: 30 Misc 3d 1201(A), 2010 NY Slip Op 52239(U).]**