■ ASSURED GUARANTY MUNICIPAL CORP., Formerly Known as FINANCIAL SECURITY ASSURANCE INC., Respondent, v DB STRUCTURED PRODUCTS, INC., et al., Defendants. DB STRUCTURED PRODUCTS, INC., Third-Party Plaintiff, v GREENPOINT MORTGAGE FUNDING, INC., Third-Party Defendant-Appellant. [974 NYS2d 455]—

Order, Supreme Court, New York County (Shirley Werner

Kornreich, J.), entered July 16, 2012, which granted plaintiff Assured Guaranty Municipal Corp.'s motion for a protective order preventing the discovery of documents and information concerning its pre-complaint repurchase review, unanimously affirmed, with costs.

In this action arising from the securitization of home equity lines of credit originated by third-party defendant GreenPoint, and sold to defendants DB Structured Products, Inc. and ACE Securities Corp., plaintiff insurer issued a policy guaranteeing payment of certain classes of the securities issued and when the loans began to default at what it considered to be a high rate, it retained a law firm that hired consultants to conduct a forensic re-underwriting review of the loans. Based on the consultant's findings, plaintiff commenced the instant action alleging, inter alia, fraudulent inducement and breach of representations and warranties. Thereafter, defendants served demands seeking any and all records surrounding the loan review conducted by the consultants and plaintiff provided the consultants' conclusions and the raw data used in their analysis but asserted the attorney work product and trial preparation privileges in objecting to the remainder of the demands, including the demand for correspondence between the consultants and plaintiff's counsel and documents concerning the methodology employed by the consultants. Plaintiff moved for a protective order preventing the discovery of these documents and defendants and Green-Point objected on the ground that plaintiff had placed the consultants' findings "at issue."

The motion for a protective order was properly granted. Plaintiff did not waive any privilege by referencing the pre-litigation repurchase review conducted by its consultants in the complaint (*Ambac Assur. Corp. v DLJ Mtge. Capital, Inc.*, 92 AD3d 451, 452 [1st Dept 2012]; *MBIA Ins. Corp. v Countrywide Home Loans, Inc.*, 93 AD3d 574, 574-575 [1st Dept 2012]). Those references were not made as elements of the claims, but as a good-faith basis for the allegations that are based on defects discovered during the repurchase review of the loans (*see Ambac*, 92 AD3d at 452). Further, plaintiff does not need the documents relating to the pre-litigation investigation to sustain its causes of action or prove them at trial, and upholding the privilege with respect to the pre-litigation review materials will not deprive defendants of information vital to their defense since plaintiff disavows any intention to use such materials to help establish its claim (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 107 AD3d 451 [1st Dept 2013]; *Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 62 AD3d 581, 582

[1st Dept 2009]). Concur—Gonzalez, P.J., Friedman, Sweeny, Moskowitz and Clark, JJ.