■ STATE OF NEW YORK ex rel. JOHN T. MURRAY, Appellant, v MARY KENNEDY BAUMSLAG, as Executor of GILBERT BAUMSLAG, Deceased, Respondent. [21 NYS3d 51]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered September 15, 2014, which denied plaintiff relator's motion for a subpoena to produce certain records, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the motion granted.

In a complaint made to the director of the Office of Internal Audit and Management Services (Internal Audit) of nonparty City University of New York (CUNY), plaintiff alleged that Gilbert Baumslag (defendant's decedent), a former professor at CUNY, had used public education monies for improper purposes. Internal Audit performed an investigation, which resulted in a report with recommendations. A redacted version of the report (i.e., omitting several recommendations) was provided to plaintiff.

In this action, brought on behalf of the State under the New York False Claims Act (State Finance Law § 187 *et seq.*) to recover the allegedly falsely procured and misspent funds, plaintiff seeks production of the unredacted version of the report, as well as investigators' notes of their interviews with CUNY and CUNY City College of New York professors, includ-

ing Baumslag, named in the report. He contends that the redacted material is relevant because it identifies the actions recommended by the report and taken by CUNY on the basis of the results of the investigation. For example, the director of Internal Audit testified that the recommendations may have included asking Baumslag for "reimbursement of expenses."

In a letter response to plaintiff's motion, CUNY asserted that the material sought was work product. This conclusory statement is insufficient to invoke the work-product privilege (*see Matter of Alpert [79 Realty Corp.]*, 214 AD2d 316, 317-318 [1st Dept 1995]). While the director of Internal Audit testified that he is an attorney, he is not an attorney for CUNY, and the report, which he wrote with a CUNY examiner who is not an attorney, contains nothing that reflects "legal research, analysis, conclusions, legal theory or strategy" (*see Hoffman v Ro-San Manor*, 73 AD2d 207, 211 [1st Dept 1980]). The investigators' notes are not protected by the work-product privilege since there is no evidence that the investigators conducted their interviews with Baumslag and other professors allegedly involved in the improper spending in anticipation of litigation (CPLR 3101 [d] [2]; *see Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 376-377 [1991]).

CUNY also stated that the material sought was in any event not relevant. However, it failed to establish that the discovery sought is "utterly irrevelant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious" (*see Matter of Kapon v Koch*, 23 NY3d 32, 34 [2014] [internal quotation marks omitted]). Concur—Mazzarelli, J.P., Friedman, Renwick and Kapnick, JJ.