■ THE BANK OF NEW YORK MELLON, Solely as Securities Administrator for J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC4, Respondent, v WMC MORTGAGE, LLC, Appellant, et al., Defendants. [35 NYS3d 26]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about December 21, 2015, which, insofar as appealed from, granted plaintiff's motion to compel defendant WMC Mortgage, LLC to produce certain repurchase analyses, unanimously affirmed, with costs.

Although the order did not resolve a motion made on formal notice, it is appealable as of right because it "affects a substantial right" (CPLR 5701 [a] [2] [v]), and the parties were able to "fully set forth before the motion court their positions and the bases for them" (*Lissak v Cerabona*, 10 AD3d 308, 309 [1st Dept 2004]).

The motion court correctly found that the repurchase analyses are not protected work product (*see* CPLR 3101 [d] [2]), because the documents were not "primarily prepared in anticipation of litigation," but were "an inherent and long-standing part of [WMC's] business" (*MBIA Ins. Corp. v Countrywide Home Loans, Inc.*, 93 AD3d 574, 574, 575 [1st Dept 2012]; *Deutsche Bank Natl. Trust Co. v WMC Mtge., LLC*, 2015 WL 1650835, *18, *20, 2015 US Dist LEXIS 49158, *51, *56 [D Conn, Apr. 14, 2015, Nos. 3:12-CV-933 (CSH), 3:12-CV-969 (CSH), 3:12-CV-1699 (CSH), 3:13-CV-1347 (CSH)]).

*ACE Sec. Corp., Home Equity Loan Trust, Series 2006-SL2 v DB Structured Prods., Inc.* (25 NY3d 581 [2015]), a statute of limitations case, does not mandate a different result. Whether the documents were prepared before or after WMC's alleged breach is not dispositive as to whether they were created for a business or litigation purpose. Nor does the *ACE* Court's characterization of repurchase obligations as "procedural prerequisite[s] to suit" render WMC's repurchase analyses

litigation documents (*id.* at 598). As WMC admits, responding to repurchase requests is part of the ordinary course of a loan originators' business and often has nothing to do with litigation (*see MBIA*, 93 AD3d at 575).

We have considered WMC's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Webber, JJ.