Gottwald v Sebert (2019 NY Slip Op 03476)





Gottwald v Sebert


2019 NY Slip Op 03476


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Sweeny, J.P., Gische, Webber, Kahn, Moulton, JJ.


653118/14 -162075/14 -9191N 9190N 9189N 9188N

[*1] Lukasz Gottwald previously known as Dr. Luke, et al., Plaintiffs-Respondents,
v
Kesha Rose Sebert previously known as Kesha, Defendant-Appellant.
Lukasz Gottwald previously known as Dr. Luke, et al., Plaintiffs,
v
Kesha Rose Sebert previously known as Kesha, Defendant-Respondent. Sony Music Entertainment, Nonparty Appellant.
Lukasz Gottwald previously known as Dr. Luke, Plaintiff-Appellant,
v
Mark Geragos, et al., Defendants-Respondents.


O'Melveny & Myers LLP, New York (Leah Godesky of counsel), for Kesha Rose Sebert, appellant/respondent.
Gibson, Dunn & Crutcher LLP, New York (Gabrielle Levin of counsel), for Sony Music Entertainment, appellant.
Mitchell Silberberg & Knupp LLP, New York (Jeffrey M. Movit of counsel), for Lukasz Gottwald, appellant.
Mitchell Silberberg & Knupp LLP, New York (Christine Lepera of counsel), for Lukasz Gottwald, Kasz Money, Inc. and Prescription Songs, LLC, respondents.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (Cory D. Struble of counsel), for Mark Geragos, respondent.
Thomas & LoCicero PL, Tampa, FL (James J. McGuire of the bar of the State of Florida and District of Columbia, admitted pro hac vice of counsel), for Geragos & Geragos, respondent.



Orders, Supreme Court, New York County (Jennifer G. Schecter, J.), entered July 2 and August 6, 2018, which, in a defamation action brought by plaintiff Lukasz Gottwald (p/k/a Dr. Luke) against Kesha Rose Sebert (p/k/a Kesha), granted Kesha's motion to compel nonparty Sony Music Entertainment to identify the individuals it interviewed in connection with its internal investigation regarding claims of sexual misconduct made by Kesha against plaintiffs, and, upon Sony's motion to renew and reargue the prior order, granted renewal and adhered to its original decision and denied reargument, unanimously affirmed, without costs. Order, same court and Justice, entered August 31, 2018, which denied Kesha's motion to strike plaintiffs' amended bill of particulars and granted plaintiffs' cross motion for leave to serve a third amended complaint in the defamation action against Kesha, unanimously affirmed, without costs. Order, Supreme Court, New York County (Robert R. Reed, J.) which, in a separate defamation action brought by Gottwald against defendants Mark Geragos and Geragos & Geragos, a Professional Corporation, to the extent appealed from as limited by the briefs, granted portions of defendants' motions to compel Gottwald to respond to their discovery demands and denied portions of Gottwald's motion to compel responses to his interrogatories, unanimously affirmed, without costs.
The court providently granted Kesha's motion to compel Sony to disclose its interview list (see Brooklyn Union Gas Co. v American Home Assur. Co., 23 AD3d 190 [1st Dept 2005]). Although Sony's outside counsel stated that he prepared the interview lists for Sony's defense of Kesha's allegations, there was no legal advice, no legal recommendations or attorney thought processes revealed in the interview lists (see e.g. State of N.Y. ex rel. Murray v Baumslag, 134 AD3d 451 [1st Dept 2015). Nor do they appear to have been solely or primarily prepared for preparation of Sony's defense to Kesha's counterclaims against it (see e.g. Bank of N.Y. Mellon v WMC Mtge., LLC, 140 AD3d 585 [1st Dept 2016]).
The court properly granted plaintiffs leave to amend the second amended complaint to include allegations concerning recent dissemination of defamatory statements by Kesha's agents and related allegations (see CPLR 3025[b]).
We find no basis for disturbing the court's discovery order directing Gottwald to comply with the Geragos defendants' requests for production (see Anonymous v High School for Envtl.
Studies, 32 AD3d 353 [1st Dept 2006]). We have considered Gottwald's remaining arguments in that appeal and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK