| |
|---|
| **New York City Tr. Auth. v Progressive Ins. Co.** |
| 2024 NY Slip Op 31076(U) |
| April 1, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 450329/2023 |
| Judge: Denise M. Dominguez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. DENISE M DOMINGUEZ**                    PART                    35M

*Justice*

-------------------------------------------------------------------X

NEW YORK CITY TRANSIT AUTHORITY, MTA BUS
COMPANY, MANHATTAN AND BRONX SURFACE
TRANSIT OPERATING AUTHORITY, METROPOLITAN
TRANSPORTATION AUTHORITY, KEITH JOSEPH

Petitioners

- v -

PROGRESSIVE INSURANCE COMPANY, HARMON LINDER
AND ROGOWSKY, MARIE MARSEILLE,

Respondents

-------------------------------------------------------------------X

|  |  |
|---|---|
| INDEX NO. | 450329/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION AND ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 15, 16, 17, 18, 19

were read on this motion to/for                    CONTEMPT                    .

Petitioners (collectively TRANSIT), move by Order to Show Cause pursuant to CPLR 3101, CPLR 3124, CPLR 2308, Judiciary Law 753, Judiciary Law 754, Judiciary Law 756 and Judiciary Law 773 for an order holding (1) Respondent PROGRESSIVE INSURANCE COMPANY (PROGRESSIVE) in contempt, (2) awarding TRANSIT damages to be determined at a future date, and (3) compelling PROGRESIVE to comply with the subpoenas duces tecum previously served.

For the reasons that follow and upon hearing oral arguments, this Order to Show Cause is granted in part as to PROGRESSIVE.

*Background*

Following a motor vehicle accident on July 23, 2017, at 8th Avenue near West 46th Street in Manhattan, Respondent MARIE MARSEILLE commenced a negligence action against TRANSIT in Supreme Court, New York County, under Index 159418/2018.

450329/2023   NEW YORK CITY TRANSIT AUTHORITY ET AL vs. PROGRESSIVE INSURANCE
COMPANY ET AL
Motion No. 001

Page 1 of 4

[* 1]

In connection with TRANSIT's defense, TRANSIT sought records regarding MARSEILLE records relating to a prior October 16, 2013, automobile accident and subsequent litigation. Specifically, TRANSIT sought the non-privileged legal file from MARSEILLE's prior counsel, Respondent LINDER & ROGOWSKY and the records from Respondent PROGRESSIVE, the no-fault provider.

On or about September 9, 2022, TRANSIT served PROGRESSIVE with a subpoena duces tecum, with a duly executed HIPAA authorizations MARSEILLE authorizing the release of the requested records. TRANSIT then continued to correspond with PROGRESSIVE in an effort to obtain the records via email correspondence and telephone calls. TRANSIT also sent a letter, dated November 21, 2022 via UPS overnight mail to PROGRESSIVE advising that the within contempt proceeding would be commenced if PROGRESSIVE did not comply. To date, Progressive has not complied with the subpoena nor appeared in this action.

As to Respondent LINDER AND ROGOWSKY, during oral arguments, TRANSIT informed the Court that LINDER AND ROGOWSKY had complied with the subpoena. As per the respective parties' stipulation, this instant Order to Show Cause is withdrawn against HARMON LINDER AND ROGOWSKY (NYSCEF Doc. 18).

*Discussion*

Holding a party in civil contempt is a severe measure not to be applied lightly. Thus it is incumbent upon the party seeking the relief to show that the uncomplying party's actions were "calculated to, or actually did defeat, impair, impede, or prejudice [a party's] rights or remedies" (*Taveras v. Gen. Trading Co.*, 73 AD3d 659 [1st Dept 2010]; *Rupp-Elmasri v. Elmasri*, 305 AD2d 394 [1st Dept 2003]).

450329/2023  NEW YORK CITY TRANSIT AUTHORITY ET AL vs. PROGRESSIVE INSURANCE
COMPANY ET AL
Motion No. 001

Page 2 of 4

2 of 4

[* 2]

Further, regarding subpoenas during litigation, if the documents or items sought are relevant to the prosecution or defense and are in the control of the party, then the party must turned them over (*see e.g. Kapon v. Koch,* 23 NY3d 32 11 NE3d 709 [2014]; *see State ex rel. Murray v. Baumslag,* 134 AD3d 451 [1st Dept 2015]).

Here, TRANSIT in its papers has shown that as a result of the July 23, 2017 accident, MARSEILLE is alleging serious injuries including injuries to her cervical and lumbar spine. TRANSIT has further shown that in 2013, approximately four (4) years before, MARSEILLE was in another litigated automobile related accident in which she alleged sustaining injuries to the same areas including her cervical and lumbar spine.

Further, TRANSIT's subpoena to PROGRESSIVE is very specific in the documents that it seeks and includes the claim number for the 2013 accident. Yet PROGRESSIVE has not responded to the subpoena nor has appeared in this instant proceeding.

Accordingly, this Court finds that Transit has shown that the materials sought are material and necessary to TRANSIT's defense in the underlying personal injury action and that PROGRESSIVE is compelled to turn over the records within 45 days from the date of entry of this Order (see CPLR 3101; CPLR 3124; CPLR 2308; *Kapon,* 23 NY3d 32 11 NE3d 709 ; *State ex rel. Murray,* 134 AD3d 451). Upon noncompliance by PROGRESSIVE, TRANSIT may move again for contempt.

In accordance with the above, it is hereby

ORDERED that Petitioners' motion by Order to Show Cause is granted only against Respondent PROGRESSIVE INSURANCE COMPANY to the extent that PROGRESSIVE is compelled to turn over the documents requested in the subpoena within 45 days from the date of entry of this ORDER; it is further

450329/2023   NEW YORK CITY TRANSIT AUTHORITY ET AL vs. PROGRESSIVE INSURANCE
COMPANY ET AL
Motion No. 001

Page 3 of 4

3 of 4

[* 3]

ORDERED that Petitioners are to serve PROGRESSIVE in compliance with CPLR 311, via certified mail return receipt requested, and submit proof of service upon the CLERK; it is further

ORDERED that Petitioners' ORDER TO SHOW CAUSE against Respondents, MARIE MARSEILLE and HARMON LINDER AND ROGOWSKY are deemed withdrawn; and it is further

ORDERED that counsel for Petitioners shall serve a copy of this Order with notice of entry within 20 days upon all Respondents by certified mail return receipt and electronic filing upon the Clerk of the Court and the Respondents who appeared.

This constitutes the Decision and Order of the Court.

| 4/1/2024 | | | | |
|---|---|---|---|---|
| DATE | | | DENISE M DOMINGUEZ, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

450329/2023 NEW YORK CITY TRANSIT AUTHORITY ET AL vs. PROGRESSIVE INSURANCE COMPANY ET AL
Motion No. 001

Page 4 of 4

4 of 4

[* 4]