■ VICTORY MARKETS, INC., et al., Appellants, v PHILLIP PURER et al., Respondents.—Order, Supreme Court, New York County, entered November 17, 1975, denying petitioners' application pursuant to CPLR 3101 (subds [c], [d]) for an order enjoining the production of certain documents during the course of depositions of three nonparty witnesses, as well as the giving of any testimony at said depositions relating to such documents, affirmed, without prejudice to whatever claims or objections the parties may assert respecting the relevance and materiality of the items sought to be produced. Respondents shall recover of appellants $40 costs and disbursements of this appeal. Respondents Phillip Purer et al. (hereinafter Purer) sued petitioners Victory Markets Inc. et al. (hereinafter Victory) in California for breach of an employment contract. Subsequently, Victory sued the Aetna Casualty and Surety Company (hereinafter Aetna) in New York seeking to recover on two insurance policies issued by Aetna to Victory, protecting the latter from loss sustained by the fraudulent acts of its employees. This New York action was settled, but prior thereto Victory's counsel apparently turned over to Aetna various documents and papers. Thereafter, Purer's motion in the California action for a commission to take the deposition of two named employees of Aetna and of a specified attorney for Aetna in the State of New York was granted and the commissions were issued. Purer's counsel in correspondence with the aforementioned Aetna attorney enclosed a document entitled "Subpoena Duces Tecum" listing nine categories of documents, papers, and other tangible items to be produced on the depositions. Victory thereafter made the instant application for a protective order enjoining the production of the items requested and enjoining examination in regard to same, solely contending that these items are the work product of an attorney and material prepared for litigation. Special Term concluded that the privilege attached to the work product was waived when it was turned over voluntarily to Aetna. Parenthetically it is noted that "the work product of an attorney consists of interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible things", citing *Hickman v Taylor* (329 US 495; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.44). Proper analysis

requires awareness of the distinction between work product, however defined, and material prepared for litigation in addition to the attorney-client privilege. However, in view of the patently overbroad nature of the request for production of items at the depositions, our affirmance is not to be construed as prejudicing any claims or objections relating to the materiality and relevance of such items. Concur—Kupferman, J. P., Murphy, Lupiano and Birns, JJ.; Silverman, J., dissents in the following memorandum: I would modify the order appealed from so as to enjoin production of documents which merely represent the lawyers' thinking, analysis, argument, ideas as to trial strategy, etc., and would permit appellant to apply to a Justice at Special Term for a ruling as to whether any particular paper falls within this classification. Such papers constitute lawyers' work product of a kind which should not be disclosed to persons other than those for whom they are intended.