■ ACWOO INTERNATIONAL STEEL CORP., Respondent, v FRENKEL & COMPANY, Appellant.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about January 22, 1990, which denied defendant's motion to compel plaintiff's counsel to appear for deposition and produce certain documents, and granted plaintiff's motion to quash the subpoena duces tecum directed at plaintiff's counsel, unanimously affirmed, with costs and with disbursements.

Plaintiff, a steel importer, commenced this action against defendant, an insurance broker, for breach of contract for failure to procure "all risk" insurance coverage, i.e., inclusive of both fresh and sea water rust damage for a shipment of steel en route from Korea. Defendant obtained coverage through its Brussels agent, but when plaintiff submitted a claim for rust damage, the claim was denied because the rust was not caused by sea water. Prior and subsequent to commencement of this action, plaintiff's counsel, along with defendant's previous counsel, through meetings and correspondence, attempted to obtain indemnity from the Brussels underwriters and subagent.

Defendant thereafter moved to depose plaintiff's counsel, and sought production of documents pursuant to a subpoena duces tecum. Plaintiff's counsel refused to appear, and moved to quash on the basis that the requested documentation was immune from disclosure as "attorney work product" and

material prepared in anticipation of litigation pursuant to CPLR 3101 (c) and 2304. Both motions were argued before a Special Master. The court thereafter granted the motion to quash and denied defendant's motion on the ground that the documents fell within the purview of CPLR 3101 (a), (c), (d) (2).

An attorney's work product encompasses "materials which are uniquely the product of a lawyer's learning and professional skills, such as materials which reflect his legal research, analysis, conclusions, legal theory or strategy" *(Hoffman v Ro-San Manor,* 73 AD2d 207, 211). Such material may consist of " 'interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible [things]' " *(Victory Mkts. v Purer,* 51 AD2d 895, quoting *Hickman v Taylor,* 329 US 495, 511). The documents herein were prepared by counsel in his professional capacity in an attempt to resolve this commercial dispute and involved legal reasoning, analysis and professional skills and thus fall within the parameters of the attorney work product doctrine.

Although plaintiff offered to submit the documents for an in camera inspection, the court, after reviewing both parties' positions, properly exercised its discretion in choosing not to require such inspection.

The court also properly denied defendant's motion to depose plaintiff's counsel, ruling that such testimony was similarly immune from disclosure as both "attorney work product" and material "prepared in anticipation of litigation." The present situation differs from one in which an attorney, involved as agent or negotiator in a commercial venture which gives rise to litigation, may properly be deposed regarding his knowledge of factual issues concerning the underlying transaction *(see, Slabakis v Drizin,* 107 AD2d 45). Here, the acts of the attorney occurred after the alleged breach. Further, the information sought is readily obtainable from another source, i.e., defendant's prior counsel. Concur—Murphy, P. J., Ross, Carro and Rosenberger, JJ.