**4** BROOKLYN UNION GAS COMPANY, Respondent, v AMERICAN HOME ASSURANCE COMPANY et al., Defendants, and CERTAIN UNDERWRITERS OF LLOYD'S, LONDON, et al., Appellants. [803 NYS2d 532]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered January 31, 2005, granting renewal of a prior disclosure order (same court and Justice), entered September 23, 2004, which, to the extent appealed from as limited by the briefs, adhered to that prior order, unanimously affirmed, with costs.

The court is vested with broad discretion in supervising the discovery process, and its determinations will not be disturbed absent an improvident exercise of that discretion (*see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 1 AD3d 223 [2003]). Reports of insurance investigators or adjusters, prepared during the processing of a claim, are discoverable as made in the regular course of the insurance company's business (*see Roman Catholic Church of Good Shepherd v Tempco Sys.*, 202 AD2d 257 [1994]; *Karta Indus. v Insurance Co. of State of Pa.*, 258 AD2d 375 [1999]). Furthermore, attorney work product applies only to documents prepared by counsel acting as such, and

to materials uniquely the product of a lawyer's learning and professional skills, such as those reflecting an attorney's legal research, analysis, conclusions, legal theory or strategy (see *ACWOO Intl. Steel Corp. v Frenkel & Co.*, 165 AD2d 752, 753 [1990], citing *Hoffman v Ro-San Manor*, 73 AD2d 207 [1980]). Documents prepared in the ordinary course of an insurance company's investigation to determine whether to accept or reject coverage and to evaluate the extent of a claimant's loss are not privileged and are, therefore, discoverable. In addition, such documents do not become privileged "merely because an investigation was conducted by an attorney" (*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 379 [1991]; *accord Bertalo's Rest. v Exchange Ins. Co.*, 240 AD2d 452, 455 [1997], *lv dismissed* 91 NY2d 848 [1997]). Moreover, in order for attorney-client communications to be privileged, the document must be primarily or predominantly a communication of a legal character (*Spectrum Sys. Intl. Corp.*, 78 NY2d at 378, citing *Rossi v Blue Cross & Blue Shield of Greater N.Y.*, 73 NY2d 588, 594 [1989]).

The burden of establishing any right to protection is on the party asserting it, and the protection claimed must be narrowly construed (*Spectrum Sys. Intl. Corp.*, 78 NY2d at 377). Here, appellants have failed to satisfy their burden with a detailed explanation sufficient to establish why the information sought is privileged. Rather, a review of the documents in question reveals that appellants' attorneys were acting as claims investigators, not attorneys, and were investigating the issue of whether coverage should be provided and the cost of such coverage. Contrary to appellants' conclusory assertions, there is no legal advice, no legal recommendations or attorney thought processes revealed in these documents, nor do they appear to have been "solely" prepared for settlement purposes, as appellants assert, inasmuch as no litigation had been commenced. Nor can appellants rely on their anticipation of litigation, since they had not yet made a coverage decision. Thus, these documents were prepared in the ordinary course of the insurance companies' business of evaluating claims, and the fact that the investigation was performed by attorneys will not shield them from discovery. Concur—Tom, J.P., Saxe, Marlow, Ellerin and Catterson, JJ.