■ DENVER EMPLOYEES RETIREMENT PLAN, Respondent, v JPMORGAN CHASE BANK, N.A., Appellant. [937 NYS2d 218]—

The motion court providently exercised its discretion by refusing to compel plaintiff to respond to an untimely document request for "All Documents Concerning investments by or for the benefit of [plaintiff], direct or indirect, in securities issued by Lehman" (*see Kingsgate Assoc. v Advest, Inc.*, 208 AD2d 356, 357 [1994]). The circumstances presented herein do not warrant exercise of our own independent discretion to reverse this order.

Likewise, we find no reason to disturb the exercise of the court's "broad discretion" in denying defendant's deposition notice (*see Brooklyn Union Gas Co. v American Home Assur. Co.*, 23 AD3d 190, 190 [2005]). This notice called for the produc-

tion of "a person designated by [plaintiff] regarding any and all investments in securities issued or guaranteed by Lehman . . . that were purchased, held, and/or sold by or for the benefit of [plaintiff] from January 1, 2007 to September 30, 2008, excluding investments made through the JPMorgan Securities Lending Program," i.e., the program at issue in this litigation. Defendant essentially attempted to obtain the same material that the court previously found to be untimely and irrelevant. Plaintiff's litigation concerns investments with defendant in Lehman medium term notes (MTNs). Defendant seeks information about plaintiff's investments in other Lehman securities that plaintiff made at different times and that are unrelated to the MTNs. The court correctly determined that investment decisions concerning other, unrelated investments purchased for different accounts that have different investment goals, are not relevant to the account in question (*cf. Matter of Clark*, 257 NY 132, 135 [1931]). Concur—Andrias, J.P., Saxe, Sweeny and Acosta, JJ.