Order, Supreme Court, New York County (Barbara Jaffe, J.), entered August 19, 2013, which, inter alia, upon cross motions to confirm and to reject the special referee’s finding that any documents that pre-date the rejection by National Union Fire Insurance Company of Pittsburgh, Pennsylvania, ACE INA Insurance, Arch Insurance Company (the market insurers), and Factory Mutual Insurance Company (with the market insurers, the insurance companies) of TransCanada Energy USA, Inc., TC Ravenswood Services Corp., and TC Ravenswood, LLC’s (TransCanada) claims are not protected from disclosure, and a motion for a protective order, ordered the insurance companies to produce to TransCanada all the documents except certain specified ones, unanimously affirmed, with costs.
The motion court properly found that the majority of the documents sought to be withheld are not protected by the attorney-client privilege or the work product doctrine or as materials prepared in anticipation of litigation. The record shows that the insurance companies retained counsel to provide a coverage opinion, i.e., an opinion as to whether the insurance *596 companies should pay or deny the claims. Documents prepared in the ordinary course of an insurer’s investigation of whether to pay or deny a claim are not privileged, and do not become so “ ‘merely because [the] investigation was conducted by an attorney’ ” (see Brooklyn Union Gas Co. v American Home Assur. Co., 23 AD3d 190, 191 [1st Dept 2005]).
The common interest exception to waiver of the attorney-client privilege by disclosure is not applicable, since there was no pending or reasonably anticipated litigation in which the insurance companies had a common legal interest (see Aetna Cas. & Sur. Co. v Certain Underwriters at Lloyd’s, London, 176 Misc 2d 605, 612 [Sup Ct, NY County 1998], affd 263 AD2d 367 [1st Dept 1999], lv dismissed 94 NY2d 875 [2000]).
The insurers’ argument that they actually denied TransCanada’s claims before the date identified in the motion court’s order, and that therefore any documents prepared after that date are protected attorney work product, is a factual argument improperly raised for the first time on appeal. Concur — Sweeny, J.E, Moskowitz, DeGrasse and Gische, JJ.