■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, et al., Appellants, et al., Plaintiff, v TRANS-CANADA ENERGY USA, INC., et al., Respondents. TC RAVENS-WOOD, LLC, Respondent, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, et al., Appellants, et al., Defendants. [990 NYS2d 510]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered August 19, 2013, which, inter alia, upon cross motions to confirm and to reject the special referee's finding that any documents that pre-date the rejection by National Union Fire Insurance Company of Pittsburgh, Pennsylvania, ACE INA In-

surance, Arch Insurance Company (the market insurers), and Factory Mutual Insurance Company (with the market insurers, the insurance companies) of TransCanada Energy USA, Inc., TC Ravenswood Services Corp., and TC Ravenswood, LLC's (TransCanada) claims are not protected from disclosure, and a motion for a protective order, ordered the insurance companies to produce to TransCanada all the documents except certain specified ones, unanimously affirmed, with costs.

The motion court properly found that the majority of the documents sought to be withheld are not protected by the attorney-client privilege or the work product doctrine or as materials prepared in anticipation of litigation. Following an in camera review, the court determined that certain documents were privileged because they contained legal advice. As for the remaining documents, the court found that the insurance companies had not met their burden of demonstrating privilege. The record shows that the insurance companies retained counsel to provide a coverage opinion, i.e. an opinion as to whether the insurance companies should pay or deny the claims. Further, the record shows that counsel were primarily engaged in claims handling—an ordinary business activity for an insurance company. Documents prepared in the ordinary course of an insurer's investigation of whether to pay or deny a claim are not privileged, and do not become so " 'merely because [the] investigation was conducted by an attorney' " (see *Brooklyn Union Gas Co. v American Home Assur. Co.*, 23 AD3d 190, 191 [1st Dept 2005]).

We need not reach the question of whether the common interest exception to the attorney client privilege applies, because the documents at issue are not privileged.

The insurers' argument that they actually denied TransCanada's claims before the date identified in the motion court's order, and that therefore any documents prepared after that date are protected attorney work product, is a factual argument improperly raised for the first time on appeal. Concur—Sweeny, J.P., Moskowitz, DeGrasse and Gische, JJ.

The decision and order of this Court entered herein on February 25, 2014 (114 AD3d 595 [2014]) is hereby recalled and vacated (see 2014 NY Slip Op 79206[U] [2014] [decided simultaneously herewith]).