■ WA ROUTE 9, LLC, Plaintiff, v PAF CAPITAL LLC, Defendant/Third-Party Plaintiff, et al., Third-Party Defendants. JACOB FRYDMAN, Fourth-Party Plaintiff-Appellant, v DAVID LICHTENSTEIN et al., Fourth-Party Defendants-Respondents, et al., Fourth-Party Defendants. WA ROUTE 9, LLC, Plaintiff, v PAF CAPITAL LLC, Defendant/Third-Party Plaintiff, et al., Third-Party Defendants. JACOB FRYDMAN, Fourth-Party Plaintiff-Respondent, v DAVID LICHTENSTEIN et al., Fourth-Party Defendants-Appellants. [26 NYS3d 256]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 10, 2013, which, insofar as appealed from as limited by the briefs, granted fourth-party defendants David Lichtenstein, PAF Capital, LLC, and the Lightstone Group's motion to dismiss the fourth-party claims for defamation and injunctive relief as against the Lightstone Group (TLG), unanimously affirmed, with costs. Order, same court and Justice, entered September 2, 2014, which denied fourth-party plaintiff's (Frydman) motion pursuant to CPLR 5015 (a) (2) and (3) to vacate the June 10, 2013 order to the extent it dismissed the fourth-party complaint as against TLG, unanimously affirmed, with costs. Order, same court and Justice, entered on or about February 5, 2015, which denied Lichtenstein and PAF's motion for a protective order to preclude from disclosure two email communications on ground of attorney-client privilege, unanimously affirmed, with costs.

Frydman failed to allege facts sufficient to establish that TLG conspired with PAF and Lichtenstein to carry out the alleged common scheme of initiating a sham complaint asserting fraud against him for the sole purpose of later disseminating the false allegations to defame him. The complaint does not show that TLG participated in the drafting of the sham complaint (*see Conte v Newsday, Inc.*, 703 F Supp 2d 126, 147 [ED NY 2010]).

Although the newly discovered evidence submitted by Frydman on his motion to vacate demonstrates TLG's involvement in disseminating the press releases and other Internet posts reporting on the fraud allegations, it does not show that TLG participated in drafting the sham complaint. To the extent TLG was involved in disseminating reports of the judicial proceeding, its conduct falls under the fair reporting privilege of Civil Rights Law § 74.

The email communications, dated June 25, 2012 and July 2, 2012, between Lichtenstein and his general counsel do not reflect a discussion of legal strategy relevant to the pending litigation but, rather, a discussion of a public relations strategy (*see Brooklyn Union Gas Co. v American Home Assur. Co.*, 23 AD3d 190, 191 [1st Dept 2005]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Acosta, Moskowitz and Gische, JJ.