Order, Supreme Court, New York County (Robert R. Reed, J.), entered December 29, 2016, which denied plaintiffs’ motion to renew their motion for production of certain documents, and to depose and disqualify defendant’s counsel, unanimously reversed, on the law and facts, without costs, the motion to renew granted, and the matter remanded to Supreme Court for a hearing in which counsel for plaintiffs and defendant will be permitted to probe the issue of whether Peter Dodge, Esq. served as an investigator, solely as an attorney, or in some type of hybrid role, including examining Dodge under oath, and for the court to make a determination as to Dodge’s role, supported by factual findings, and reconsider plaintiffs’ motion based on its findings. Appeal from order, same court and Justice, entered January 21, 2016, unanimously dismissed, without costs, as academic in view of the foregoing.
 

 Defendant Preferred Mutual Insurance Company issued a homeowner insurance policy to plaintiffs, providing $325,000 in coverage for their property located at 38 Morton Hill Road, Roscoe, New York, for the period from January 8, 2013 through January 8, 2014. The policy also provided $227,500 in personal property coverage.
 

 On or about November 17, 2013, there was a fire, which completely destroyed the house and all of plaintiffs’ property. Plaintiffs allege that they provided defendant timely notice of the fire and of their claim under the policy, including sworn proof of loss. Plaintiff Daniel Venture provided defendant with a good faith valuation of the property loss, based on his best estimate as a layperson.
 

 Plaintiffs claim that during the investigation into the fire, defendant and its attorney attempted to develop incriminating evidence against them and their sons, in an effort to avoid defendant’s obligations under the policy and to subject plaintiffs to criminal prosecution.
 

 In a letter dated February 14, 2014, from defendant’s attorney, Peter Dodge of the law firm Dodge & Monroy, to defendant’s employees, Michael McGuire and Wendy Bodie, Dodge conveyed his evaluation and analysis report of the testimony of plaintiffs’ sons, Ivan Venture and Paris Venture. Dodge discussed testimony that a white Jeep, possibly belonging to the Ventures, was seen backed up to the property on November 17, 2013 (the date of the fire). He concluded that “[t]his testimony will serve to establish not only material misrepresentations on behalf of Daniel Venture, Ivan Venture and Paris Venture, but also that someone from the family was located on the premises on November 17, 2013.” Dodge referenced the legal standard for arson and stated as follows:
 

 “We note that Mr. Venture was significantly in arrears for over four years on the mortgage to the property in question. Daniel Venture also over estimated [sic] the value of the home at $394,000.00. He estimated that he owes $160,000.00. The statement of loss from Focus Investigations indicates that the actual cash value of the home was $184,275.00. The appraisal amounted between $109,000 and $137,000.00. We believe that it is highly suspicious that Mr. Venture did not go back to check on the property until one week later. It is also highly suspicious that he did not contact any investigative agencies about the fire until two weeks later. We note that the Ventures all have internal alibis as to where everyone was on November 17, 2013. However, all of the alibis are within the family except for a family friend named Martin Rabovich. We note that the investigative agency from Delaware County has indicated in their report that the fire is suspicious and that an intentional setting of the fire has not been ruled out. Our expert, Joseph Myers, opines that the fire was incendiary, through to the process of deduction.”
 

 By letter dated February 28, 2014, defendant denied coverage under the policy, citing provisions of the policy which render it void in the case of misrepresentation, concealment, or fraud, and which exclude coverage for “intentional acts.” Defendant concluded, based on its investigation, that “the fire was incendiary in origin and intentionally set by you [plaintiffs] or someone on your behalf at your direction. Further, during the course of the investigation, you engaged in fraudulent conduct, swore falsely with respect to the claim and willfully concealed and misrepresented material facts.” The letter sets forth in detail the testimony and evidence supporting defendant’s determination.
 

 In their complaint, plaintiffs assert causes of action for breach of contract and “bad faith insurance denial.” Plaintiffs served discovery demands seeking the entire claims file relating to the policy, as well as all reports, memos, communications, and other documents generated by any person or entity performing the investigation on defendant’s behalf, and any such documents showing that the fire was incendiary and that plaintiffs or their children had any involvement with causing the fire.
 

 In response to the request for the claims file, defendant redacted certain documents due to “privilege,” and withheld on the basis of attorney-client privilege all correspondence between defendant and the Dodge law firm. The internal coverage opinion letter authored by Dodge had not been produced, and defendant did not provide them with a privilege log.
 

 Accordingly, by notice of motion dated April 10, 2015, plaintiffs moved: (1) for defendant to produce an unredacted version of the coverage memorandum, and other documents withheld on the basis of privilege, for in camera review; (2) for leave to issue a subpoena for a deposition, and production of documents for review, in camera, of attorney Peter Dodge and Dodge & Monroy; and (3) to disqualify Dodge & Monroy from representing defendant.
 

 The court directed defendant to produce the withheld documents, as well as a privilege log for review in camera. After conducting an in camera review of the documents in question, the court denied plaintiffs’ motion. In a one paragraph order without any factual findings, the court determined that the withheld or redacted documents were subject to attorney-client privilege, constituted attorney work product, were prepared in anticipation of litigation, or related only to the setting of reserves. The court further held that plaintiffs had not met their burden of showing any need for a deposition or production of documents from, or any basis for disqualification of, defendant’s counsel.
 

 Plaintiffs assert that their June 21, 2016 deposition of Michael McGuire, who worked within defendant’s Special Investigation Unit, revealed that attorney Peter Dodge played a more significant role in the claims investigation and denial than previously understood. Plaintiffs also discovered through McGuire’s deposition that it was Dodge who first suggested that the claim be denied, and that he drafted the denial letter.
 

 By notice of motion dated September 21, 2016, plaintiffs moved pursuant to CPLR 2221 (e) to renew their prior motion, specifically seeking production of all documents concerning the insurance claim and investigation, including all draft disclaimer letters, an unredacted coverage opinion, all examination under oath (EUO) summaries, all documents previously produced in camera, and communications with plaintiffs’ neighbor, Dan Baldo, and other witnesses. Plaintiffs also renewed their request that Dodge & Monroy be disqualified, and for leave to issue a subpoena for Peter Dodge’s deposition and for a copy of his case file. Plaintiffs also sought a stay of discovery pending a decision on their motion. The court denied plaintiffs’ motion, holding that they had failed to set forth any new facts or evidence.
 
 *
 

 “[T]he CPLR establishes three categories of protected materials, also supported by policy considerations: privileged matter, absolutely immune from discovery (CPLR 3101 [b]); attorney’s work product, also absolutely immune (CPLR 3101 [c]); and trial preparation materials, which are subject to disclosure only on a showing of substantial need and undue hardship in obtaining the substantial equivalent of the materials by other means (CPLR 3101 [d] [2])” (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376-377 [1991]). “[I]n order for attorney-client communications to be privileged, the document must be primarily or predominantly a communication of a legal character” (Brooklyn Union Gas Co. v American Home Assur. Co., 23 AD3d 190, 191 [1st Dept 2005]). “[T]he burden of establishing any right to protection is on the party asserting it; the protection claimed must be narrowly construed; and its application must be consistent with the purposes underlying the immunity” (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d at 377; Brooklyn Union Gas Co., 23 AD3d at 191).
 

 “Reports of insurance investigators or adjusters, prepared during the processing of a claim, are discoverable as made in the regular course of the insurance company’s business” (Brooklyn Union Gas, 23 AD3d at 190). “Furthermore, attorney work product applies only to documents prepared by counsel acting as such, and to materials uniquely the product of a lawyer’s learning and professional skills, such as those reflecting an attorney’s legal research, analysis, conclusions, legal theory or strategy” (id. at 190-191). “Documents prepared in the ordinary course of an insurance company’s investigation to determine whether to accept or reject coverage and to evaluate the extent of a claimant’s loss are not privileged and are, therefore, discoverable. In addition, such documents do not become privileged merely because an investigation was conducted by an attorney” (id. at 191 [internal quotation marks omitted]; National Union Fire Ins. Co. of Pittsburgh, Pennsylvania v TransCanada Energy USA, Inc., 119 AD3d 492, 493 [1st Dept 2014], lv dismissed 24 NY3d 990 [2014]).
 

 On appeal, plaintiffs contend that Dodge was not acting in a legal capacity and, rather, performed the function of a claims investigator. Defendant claims that the investigation was solely performed by McGuire, and that Dodge’s role consisted of conducting EUOs and providing legal advice based thereon. It also states that all of the information requested by plaintiffs in their motion to renew was already provided to the court as part of the in camera review and, in that sense, was not new.
 

 Based on the record before us, we cannot determine Dodge’s true role in this matter. Accordingly, this matter is remanded in accordance with the decretal paragraph.
 

 Concur — Acosta, P.J., Richter, Webber and Kahn, JJ.
 

 *
 

 By order of this Court, discovery was stayed. This Court denied plaintiffs’ application for production of the in camera documents, without prejudice to plaintiffs seeking defendant’s submission of documents, under seal, as a supplemental record on appeal (2016 NY Slip Op 95895[U] [1st Dept 2016]). By separate order, the stay was continued, and defendant was directed to produce the in camera documents, under seal, in a supplemental record (2017 NY Slip Op 62997[U] [1st Dept 2017]).