Gottwald v Sebert (2018 NY Slip Op 03819)





Gottwald v Sebert


2018 NY Slip Op 03819


Decided on May 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2018

Friedman, J.P., Gische, Tom, Kern, Singh, JJ.


653118/14 6709N 6708

[*1] Lukasz Gottwald, etc., et al., Plaintiffs-Respondents,
v
Kesha Rose Sebert, professionally known as Kesha, Defendant-Appellant, Pebe Sebert, et al., Defendants. [And Another Action]


O'Melveny & Myers LLP, New York (Leah Godesky and James Pearl of the bar of the State of California, admitted pro hac vice, of counsel), for appellant.
Mitchell Silberg & Knupp LLP, New York (Christine Lepera of counsel), for respondents.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about March 20, 2017, which denied defendant Kesha's (defendant) motion for leave to file second amended counterclaims, and order, entered November 8, 2017, which to the extent appealed from as limited by the briefs, granted, in part, plaintiffs' motion to compel production of documents and struck other documents from the record on the motion, unanimously affirmed, with costs.
Kesha's proposed amendments are palpably insufficient and devoid of merit (see MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499 [1st Dept 2010]). Her counterclaim seeking declaratory relief terminating the agreements on the ground of impossibility and impracticability of performance was speculative, contradicted by her own allegations that she had continued performing under the agreements and, as to at least one of the agreements, the impossibility was not produced by an unanticipated event that could not have been foreseen or guarded against (see Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902 [1987]). The court also properly denied Kesha leave to assert a counterclaim for declaratory relief terminating the agreements on the ground that they violate California Labor Code § 2855, as the unambiguous New York choice-of-law provisions contained in the agreements preclude the application of that California statute (see generally Ministers & Missionaries Benefit Bd. v Snow, 26 NY3d 466, 470 [2015]). There was no basis to invalidate the choice of law clauses (see Finucane v Interior Constr. Corp., 264 AD2d 618, 620-621 [1st Dept 1999]).
The court properly granted plaintiffs' motion to compel Kesha to produce documents. The communications between her counsel and press agents do not reflect a discussion of legal strategy relevant to the pending litigation but, rather, a discussion of a public relations strategy, and are not protected under the attorney-client privilege (see WA Rte. 9, LLC v PAF Capital LLC, 136 AD3d 522 [1st Dept 2016]). Kesha also failed to satisfy her burden to establish that the documents sought were protected work product (see Brooklyn Union Gas Co. v American Home Assur. Co., 23 AD3d 190, 191 [1st Dept 2005]).
We have considered Kesha's remaining arguments, including that the motion court should not have stricken documents from the record on the motion, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2018
CLERK