BDO USA, LLP v Franz (2022 NY Slip Op 05265)

BDO USA, LLP v Franz

2022 NY Slip Op 05265

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Friedman, Scarpulla, Mendez, JJ. 

Index No. 652816/20 Appeal No. 16290 Case No. 2022-02064 

[*1]BDO USA, LLP, Plaintiff-Appellant,
v
Matthew Franz , et al., Defendants-Respondents.

McDermott Will & Emery LLP, New York (Gregory G. Ballard of counsel), for appellant.
Amini LLC, New York (Lita Beth Wright of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about March 14, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion to compel production of certain videotaped interviews, unanimously affirmed, without costs.
The motion court providently exercised its discretion in finding that the communications between defendants and counsel for plaintiff BDO were not protected by attorney-client privilege or the attorney work product doctrine, as the interviews that BDO's counsel conducted with defendants before the commencement of this action do not constitute the type of communications generally protected against compelled disclosure (see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376-377 [1991]). Under the circumstances presented here, BDO, the corporate client, could not have had a reasonable expectation that the interviews, which were purportedly conducted as part of an internal investigation into a former BDO executive, would be confidential, as defendants had already tendered their resignations at the time of the interviews (see Stock v Schnader Harrison Segal & Lewis LLP, 142 AD3d 210, 225-226[1st Dept 2016] cf. Upjohn Co. v United States, 449 US 383, 397 [1981]). Moreover, the corporate employees who provided statements to BDO's counsel are now defendants in this action, and the interviews were central to the facts underlying the complaint (see Priest v Hennessy, 51 NY2d 62, 69 [1980]; see People v Osorio, 75 NY2d 80, 84 [1989]).
In addition, the questions posed by BDO's counsel at the interviews are not protected as attorney work product because those questions are not uniquely the product of a lawyer's learning and professional skills (see Brooklyn Union Gas Co. v American Home Assur. Co., 23 AD3d 190, 190-191 [1st Dept 1995], citing ACWOO Intl. Steel Corp. v Frenkel & Co., 165 AD2d 752, 753 [1990]). As for BDO's claim that the interviews were conducted by counsel in preparation for litigation, defendants have shown a substantial need for the videotapes in preparation of their case, as those tapes refer to the materials that defendants had turned over to BDO before their departure from the company. In addition, defendants have no ability to recreate the videotapes (see Kane v Her-Pet Refrig., 181 AD2d 257, 266 [2d Dept 1992]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022