**Paul v Davidson**

2025 NY Slip Op 30526(U)

February 14, 2025

Supreme Court, New York County

Docket Number: Index No. 158999/2017

Judge: Alexander M. Tisch

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. ALEXANDER M. TISCH | PART | 18 |
| --- | --- | --- | --- |
| | *Justice* | | |

------------------------------------------------------------------X

GARY PAUL,

                            Plaintiff,

- v -

LAWRENCE DAVIDSON, ALDOUS DAVIDSON, JANET AMIDGI, 106-108 WEST 87TH STREET OWNERS CORP., CORNERSTONE MANAGEMENT SYSTEMS, INC.,FRANK BRUSCO MAINTENANCE LLC,

                            Defendant.

------------------------------------------------------------------X

| INDEX NO. | 158999/2017 |
| --- | --- |
| MOTION DATE | 04/27/2022, 07/11/2022 |
| MOTION SEQ. NO. | 011 012 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 011) 611, 612, 613, 614, 615, 616, 617, 618, 619, 620, 621, 622, 623, 624, 625, 626, 627, 628, 647, 648, 649, 661, 664

were read on this motion to/for          QUASH SUBPOENA, FIX CONDITIONS    .

The following e-filed documents, listed by NYSCEF document number (Motion 012) 630, 631, 632, 633, 634, 635, 636, 637, 638, 639, 640, 641, 642, 643, 644, 645, 646, 651, 652, 653, 655, 656, 659, 662, 665

were read on this motion to/for          QUASH SUBPOENA, FIX CONDITIONS    .

       According to the complaint (NYSCEF Doc. No. 6), this case relates to an incursion of water into plaintiff's apartment, which is apartment 1A at 106 West 87th Street (the Building). Plaintiff alleges that residents in the apartment above made un-permitted changes to their apartments and that defendant 106-108 West 87th Street Owners, Inc. (the Co-Op) made changes to common areas of the Building without getting the required permits and that the Co-Op was aware of the work in Apartment 2A and failed to inspect or supervise the work. Plaintiff alleges that an improper toilet repair in Apartment 2A resulted in a leak into Apartment 1A on June 18, 2017, damaging plaintiff's apartment and making it uninhabitable. Plaintiff is suing the Co-Op and the owners of the shares of the Co-Op representing Apartment 2A.

       In Motion Sequence 011, defendants and Cornerstone Management Systems Inc. (Cornerstone) move to quash the subpoena duces tecum and ad testificandum served on non-party Arnold Genovesi, an employee of F&L Claims Service, Inc., the claims administrator of

West 87th Street's insurer. The documents sought include records in connection with the file of the insurer for the Co-Op, Fireman's Fund Insurance Company (Fireman's Fund), or the plaintiff related to the event of June 18, 2017, and a copy of the two relevant insurance policies. Movant takes the position that the subpoena is overbroad and that these documents are privileged as materials prepared in anticipation of litigation, as the plaintiff had indicated an intention to sue. Plaintiff opposes on the grounds that the documents are not protected by privilege and takes the position that plaintiff's proprietary lease was a "covered contract" contemplated by the insurance policy and the money Fireman's Fund paid to the Co-Op should have been forwarded to plaintiff.

In Motion Sequence Number 012, defendants move to quash another subpoena duces tecum directed to Fireman's Fund Insurance Company (Fireman's Fund) c/o Allianz Global Corporate and Specialty (Allianz). Movant argues the documents are privileged, the subpoena is overbroad, and that the plaintiff already has those documents to which plaintiff is entitled.

This Court then issued an Interim Order in each motion (NYSCEF Doc. No. 661), ordering the *in camera* production of the documents for the Court's review and determination. This Court conducted an *in camera* inspection of the documents provided by the defendants.

Pursuant to CPLR 3101(a), "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action . . . ." What is "material and necessary" is generally left to the court's sound discretion and may include "any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*Andon ex rel. Andon v 302-304 Mott St. Assocs.*, 94 NY2d 740, 746 [2000], quoting *Allen v Crowell-Collier Pub. Co.*, 21 NY2d 403, 406 [1968]). The party opposing the discovery request bears the burden of showing the requested items are exempt or immune from disclosure (*see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc.*, 155 AD3d 1208, 1209 [2017])

There are three categories of protected materials: attorney-client communications, attorney work product, and trial preparation materials (CPLR 3101 [b], [c], [d]; *Spectrum Sys. Intl. Corp. v Chem. Bank*, 78 NY2d 371, 376-77 [1991]). "The burden of establishing any right to protection is on the party asserting it; the protection claimed must be narrowly construed, and its application must be consistent with the purposes underlying the immunity" (*id.*). "Reports of insurance investigators or adjusters, prepared during the processing of a claim, are discoverable as made in the regular course of the insurance company's business." (*Brooklyn Union Gas Co. v*

*Am. Home Assur. Co.*, 23 AD3d 190 [1st Dept 2005]). "Furthermore, attorney work product applies only to documents prepared by counsel acting as such, and to materials uniquely the product of a lawyer's learning and professional skills, such as those reflecting an attorney's legal research, analysis, conclusions, legal theory or strategy" (*id.* at 190-191). "Documents prepared in the ordinary course of an insurance company's investigation to determine whether to accept or reject coverage and to evaluate the extent of a claimant's loss are not privileged and are, therefore, discoverable. In addition, such documents do not become privileged merely because an investigation was conducted by an attorney" (*id.* at 191 [internal quotation marks omitted]; *Venture v Preferred Mut. Ins. Co.*, 153 AD3d 1155 [1st Dept 2017]; *Ntl. Union Fire Ins. Co. of Pittsburgh, Pennsylvania v TransCanada Energy USA, Inc.*, 119 AD3d 492, 493 [1st Dept 2014], *lv. dismissed* 24 NY3d 990 [2014]).

Here, many of the provided documents are related to the insurance claims and reflect insurers doing their business of evaluating claims. The Court also notes that the parties providing documents have not provided a privilege log identifying the senders and receivers of the various communications or identifying who the lawyers are and which senders and recipients work for which parties. In light of the foregoing, the Court grants that the following documents may be withheld as privileged:

000472, 000477, 000537-000540 (ending before From: Dan Lambe); 000545; 000599-000601; 000664-000676; 000658-000662; 000664-000676; 000678-000824 (ending before "From: Arnold Genovesi"); 000829 (starting after "01/15/2019 8:28am AGENOVES")-000863; 000865-000862; 000888 (starting after "08/08/2018 2:49pm AGENOVES")-000893(ending before "From: Arnold Genovesi"); 000896-000907 (ending before "From: Arnold Genovesi");  000913 (starting after "links contained herein, from your system")- 000922 (ending before "From: John Grisafi"); 000929-000941 (ending before "From: gjpnyc@aol.com"); 000943-000947 (ending before "VIA EMAIL: ron@ronhollander.com"); 000948 (starting after "02/02/2018 9:44am AGENOVES")-000949 (ending before "Begin Forwarded Message"); 000974 (starting after "F & L Claims Service Inc")- 001001 (ending before "From: Arnold Genovesi");  001004 (starting after "Gary Paul")-001006; 001010-001011.

The rest of the documents submitted shall be produced unredacted.

For the reasons discussed above, it is hereby

ORDERED that the motions seeking to quash subpoenas and for protective order are granted to the extent set forth above (Motions Sequence No. 011 and 012); and it is further

ORDERED that the subpoena recipients shall exchange the records detailed in this order within thirty days after service of a copy of the order with notice of entry; and it is further

ORDERED that counsel shall appear for a conference on April 8, 2024, at 3:00pm, to discuss this matter including the possibility of settlement.

This constitutes the decision and order of the Court.

|  |  |
|---|---|
| 2/14/2025 | |
| DATE | ALEXANDER M. TISCH, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |