Berk v Riverbay Corp. (2026 NY Slip Op 00574)

Berk v Riverbay Corp.

2026 NY Slip Op 00574

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Moulton, J.P., Friedman, Higgitt, Rosado, O'Neill Levy, JJ. 

Index No. 300068/19|Appeal No. 5753|Case No. 2025-00559|

[*1]Linda Berk, Plaintiff-Appellant,
vRiverbay Corporation, et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Cullen and Dykman LLP, Uniondale (Ariel E. Ronneburger of counsel), for Riverbay Corporation, respondent.

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered December 23, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to compel disclosure of an investigation report (the Report) prepared by general counsel of defendant Riverbay Corporation (Riverbay), granted Riverbay's cross-motion for a protective order, and sealed the Report, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion by concluding, after reviewing a partial copy of the Report submitted by plaintiff, that the Report was privileged and immune from disclosure (CPLR 3101[b], [c]; see Smith v Ford Found., 231 AD2d 456, 456 [1st Dept 1996]). The Report was prepared by Riverbay's general counsel after an investigation into allegations made against plaintiff, who was the president of the Board of Directors at the time, and the Report contained legal advice intended to minimize Riverbay's potential liability as well as recommendations for policy changes to prevent similar issues arising in the future (see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 379-380 [1991]; Brooklyn Union Gas Co. v American Home Assur. Co., 23 AD3d 190, 190-191 [1st Dept 2005]). Although the Report included general counsel's factual findings, the "facts were selected and presented in the [Report] as the foundation for the law firm's legal advice, and [] the communication was primarily and predominantly of a legal character" (Spectrum, 78 NY2d at 379).
Riverbay did not waive any privilege by disclosing the Report during a closed Executive Board meeting where the only individuals present were Riverbay Board members and attorneys representing general counsel and the copies of the Report were collected at the end of the meeting (see Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d 616, 624 [2016]). Plaintiff, as the former president of the Board, is not entitled to waive Riverbay's privilege (see People v Greenberg, 50 AD3d 195, 201-202 [1st Dept 2008], lv dismissed 10 NY3d 894 [2008]; see also Barasch v Williams Real Estate Co., Inc., 104 AD3d 490, 492 [1st Dept 2013]). Moreover, Riverbay did not place the Report "at issue" in this litigation, as Riverbay has not raised any defense relying on the Report or on general counsel's advice, and application of the privilege does not deprive plaintiff of essential information (see U.S. Bank N.A. v Lightstone Holdings LLC, 196 AD3d 445, 447-448 [1st Dept 2021], lv denied 38 NY3d 913 [2022]; Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust, 43 AD3d 56, 63-64 [1st Dept 2007]).
Under these circumstances, the court properly denied plaintiff's motion to compel disclosure, granted Riverbay's application for a protective order (see generally CPLR 3103; Spectrum, 78 NY2d at 374-375; Matter of Peerenboom v Marvel Entertainment, LLC, 160 AD3d 439, 440 [1st Dept 2018]), and sealed the filed copy of the Report, "upon a written finding of good cause" (Uniform Rules for Trial Cts [22 NYCRR] § 216.1[a]; see Maxim Inc. v Feifer, 145 AD3d 516, 517 [1st Dept 2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026