■ D. LAWRENCE BURDICK, Appellant, v SHEARSON AMERICAN EXPRESS, INC., et al., Respondents.—Judgment, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on July 20, 1988, which dismissed plaintiff's causes of action for tortious interference and punitive damages, and which, upon a jury verdict, awarded judgment in favor of defendants on the remaining cause of action for defamation, is unanimously affirmed, with costs.

Plaintiff, a stockbroker, commenced the underlying action against his former employer, defendant Shearson American Express, and his former supervisor, defendant Herbert L. Dunn, for defamation in having advised plaintiff's former clients and prospective employers that he had been fired for forgery, in that he signed his former wife's name to certain joint account documents and checks without her consent.

The trial court properly permitted testimony on behalf of the defense as to the plaintiff's character, reputation and professional misconduct, which was relevant and probative to a determination of whether the plaintiff had, in fact, forged his wife's name to a variety of important financial documents, as well as to whether his employers improperly fired him and cited forgery as the reason therefor. *(See, Brennan v Commonwealth Bank & Trust Co.,* 65 AD2d 636; *Bounds v Mutual of Omaha Ins. Co.,* 37 AD2d 1008.)

Similarly, the trial court did not err in striking the testimony of plaintiff's former clients as to their own, personal understanding of the term "forgery" as used by defendant Dunn in attempting to secure their accounts with defendant

Shearson after the plaintiff had been fired. It was for the jury to determine whether the word "forgery", when taken in its natural and ordinary meaning, was susceptible to a defamatory connotation. *(Carney v Memorial Hosp. & Nursing Home,* 64 NY2d 770.)

Equally devoid of merit is plaintiff's contention that the trial court was obligated to recuse itself for bias based solely upon a personal observation made by the court to the respective attorneys, outside of the presence of the jurors. Absent one of the statutory bases for disqualification set forth in Judiciary Law § 14, the trial court, in the exercise of its "personal conscience", is the "sole arbiter" of a claim that recusal is warranted. *(People v Moreno,* 70 NY2d 403, 405; *Matter of Johnson v Hornblass,* 93 AD2d 732, 733.)

Contrary to plaintiff's assertions, the trial court did not err in dismissing the plaintiff's cause of action for tortious interference and claim for punitive damages. The plaintiff failed to establish that the defendants' action in terminating his employment was motivated by actual malice rather than merely a business judgment. *(See, Garrity v Lyle Stuart, Inc.,* 40 NY2d 354; *NRT Metals v Laribee Wire,* 102 AD2d 705.)

Finally, we conclude, upon the record as a whole, that the plaintiff was not denied a fair trial by the court's refusal to instruct the jurors with respect to the definition of forgery or the absence of any qualified privilege. Concur—Sullivan, J. P., Carro, Milonas, Kassal and Smith, JJ.