■ ROMAN CATHOLIC CHURCH OF THE GOOD SHEPHERD et al., Appellants, v TEMPCO SYSTEMS et al., Respondents. RHEEM MANUFACTURING CORP., Third-Party Plaintiff-Respondent, v DORNBACK FURNACE & FOUNDRY Co. et al., Third-Party Defendants-Respondents. NORMAN A. LEON et al., Second Third-Party Plaintiffs-Respondents, v EXCELSIOR INSURANCE COMPANY et al., Second Third-Party Defendants-Respondents, et al., Second Third-Party Defendant. EXCELSIOR INSURANCE COMPANY, Fourth-Party Plaintiff-Respondent, v COSTE AGENCY, Fourth-Party Defendant-Respondent. [608 NYS2d 647] —Order, Supreme Court, Nassau County (Stuart Ain, J.), entered on or about January 8, 1992, which, *inter alia,* granted the motions by defendant and third-party plaintiff Rheem Manufacturing Corp. and third-party defendants Sundstrand Hydraulics and Wayne Home Equipment, Inc. ("defendants") to compel disclosure requests for certain written authorizations, unanimously affirmed, without costs.

The IAS Court did not abuse its discretion in directing plaintiffs to respond to the defendants' notices of discovery and inspection requiring plaintiffs to provide written authorizations for the release of, *inter alia,* the records of non-party insurers and/or adjusters pertaining to insurance claims made and subsequently paid to the plaintiffs for the fire loss sustained on their property which forms the basis for the underlying action. CPLR article 31, implementing the strong policy of this State favoring disclosure, specifically provides that "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]), with the words "material and necessary" liberally interpreted to require disclosure, upon request, of any facts bearing on the controversy which will assist in sharpening the

issues for trial *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 405). The burden of showing that the disclosure sought is improper is upon the party seeking the protective order, the plaintiffs herein *(Koump v Smith,* 25 NY2d 287, 294), since reports of insurance investigators or adjusters which were prepared before a claim was either paid or rejected, are discoverable as having been made in the regular course of the insurance company's business *(Landmark Ins. Co. v Beau Rivage Rest.,* 121 AD2d 98, 101), and since the court is generally precluded from inquiring into the propriety of discovery requests, where, as here, the plaintiffs have failed to timely seek a protective order pursuant to CPLR 3122 *(Zurich Ins. Co. v State Farm Mut. Auto. Ins. Co.,* 137 AD2d 401, 401-402).

The record indicates that the requests were not merely a blanket "fishing expedition", but rather sought authorizations and records from named insurance companies pertaining to the specific singular incident in question, the plaintiffs' fire loss, which occurred on a specified date, and were therefore sufficiently specific to place the plaintiffs on notice as to the exact nature of the particular items being sought *(see, Mendelowitz v Xerox Corp.,* 169 AD2d 300). Further, the requested items are discoverable as material and necessary to the defense of the underlying action *(Sack v North Am. Sys.,* 115 AD2d 721).

We have reviewed plaintiffs' remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Ross, Asch, Rubin and Tom, JJ.