■ FRANCOIS RIVERA, Respondent, v NYP HOLDINGS INC. et al., Appellants, et al., Defendants. [881 NYS2d 60]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered December 18, 2008, which, to the extent appealed from, denied the motion of defendants NYP Holdings Inc., Zach Haberman and Jim Hinch to compel certain discovery, unanimously reversed, on the law and the facts, without costs, and the motion to compel the sought disclosure granted.

We conclude that the denial of defendants' motion to compel constituted an improvident exercise of discretion. Full disclosure is required of "all matter material and necessary" to the defense of an action (CPLR 3101 [a]), and the words "material and necessary" are "to be interpreted liberally to require disclosure . . . of any facts bearing on the controversy" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). Defendants are entitled to the discovery they seek in their efforts both to establish their defense of truth to plaintiff's defamation claims (*see Wright v Snow*, 175 AD2d 451 [1991], *lv dismissed* 79 NY2d 822 [1991]), and to defend against plaintiff's assertion of damage to his reputation (*cf. Burdick v Shearson Am. Express*, 160 AD2d 642 [1990], *lv denied* 76 NY2d 706 [1990]). Moreover, defendants are entitled to the opportunity to demonstrate the truth of the articles *as a whole* (*see Miller v Journal-News*, 211 AD2d 626, 627 [1995]), warranting disclosure even as to assertions in those articles that are not directly challenged in plaintiff's complaint. Therefore, the inquiries related to grand jury testimony by plaintiff, information sought from or provided by plaintiff to the Commission on Judicial Conduct, and plaintiff's arrest record, if

any, seek information sufficiently material and relevant to the defense of the action to warrant disclosure. Concur—Tom, J.P., Saxe, Sweeny and Abdus-Salaam, JJ.