Matter of Child Victims Act NYC Litig. (2021 NY Slip Op 06820)





Matter of Child Victims Act NYC Litig.


2021 NY Slip Op 06820


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Acosta, P.J., Gische, Webber, Friedman, Kennedy, JJ. 


Index No. 950000/20, 999999/20, 70061/20E, 512321/20, 400044/20, 151917/19, 502720/20, 950137/19, 950225/19 950051/20 Appeal No. 14782 Case No. 2021-01844, 2021-01846, 2021-01861, 2021-01890, 2021-01905, 2021-02060, 2021-02306, 2021-02359, 2021-02360 

[*1]In the Matter of All Plaintiffs in Child Victims Act NYC Litigation
All Defendants in Child Victims Act NYC Litigation
Anita Coote, Plaintiff-Respondent,
Archdiocese of New York et al., Defendants-Appellants.
Jeremiah suppes, Plaintiff-Respondent,
Diocese of Brooklyn, Defendant-Appellant, St. Mary Magdalene parish and School et al., Defendants.
E.T., Plaintiff-Respondent,
Diocese of Brooklyn et al., Defendants-Appellants. Bruce h. Morrison, Sr., Plaintiff-Respondent,
Gloria Pfeiffer, Plaintiff-Respondent,
The Roman Catholic Diocese of Brooklyn, New York, et al., Defendants, The Province of St. Mary of the Capuchin Order, Defendant-Appellant.
Anonymous Mr., Plaintiff-Respondent,
Archdiocese of New York et al., Defendants, The Society of African Missions Trustees Company Limited by Guarantee Doing Business as Society of African Missions-Ireland Province et al., Defendants-Appellants.
Anonymous PM., Plaintiff-Respondent,
Archdiocese of New York et al., Defendants, The Society of African Missions Trustees Company Limited by Guarantee Doing Business as Society of African Missions-Ireland Province et al., Defendants-Appellants.
James Filardi, Plaintiff-Respondent,
The Roman Catholic Archdiocese of New York et al., Defendants-Appellants.


Leahey & Johnson, P.C., New York (Peter James Johnson and Joanne Filiberti of counsel), for the Archdiocese of New York and Defendants liaison counsel for Child Victims Act (CVA) Litigation, appellants.
McGivney, Kluger, Clark & Intoccia, P.C., New York (Kenneth S. Ross of counsel), for St. Francis de Sales Roman Catholic Church, appellant.
Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success (Christopher Simone of counsel), for The Roman Catholic Diocese of Brooklyn, member firm of Defendants Liaison counsel for CVA Litigation, appellant.
Scahill Law Group P.C., Bethpage (James G. Flynn of counsel), for the Roman Catholic Church of St. Clement Pope, appellant.
Kiernan Trebach LLP, New York (Alexander H. Gillespie of counsel), for the American Legion, appellant.
Hinshaw & Culbertson LLP, New York (Concepcion A. Montoya of counsel), for the Province of St. Mary of the Capuchin Order, appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas Hurzeler of counsel), for The Society of African Missions Trustees Company, appellants.
Harrington, Ocko & Monk LLP, White Plains (Dawn Foster of counsel), for The New York Foundling and Sisters of Charity of Saint Vincent DePaul of New York, appellants.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Garden City (Joseph P. Muscarella of counsel), for The USA Northeast Province of the Society of Jesus, Inc., The New York Province of the Society of Jesus, The Jesuits of Fordham, Inc., and Mount Manresa, appellants.
Rivkin, Radler LLP, Uniondale (Matthew A. Lampert of counsel), for The New York Province of the Society of Jesus, The USA Northeast Province of The Society of Jesus, Inc., St. Ignatius Retreat House, Inc. and McQuaid Jesuit High School, appellants.
Gair Gair Conason Rubinowitz Bloom Hershenhorn Steigman & Mackauf, New York (Richard M. Steigman of counsel), for plaintiff's liaison counsel for NYC Child Victims Act Litigation, respondents.
James, Vernon & Weeks, P.A., New York (Craig K. Vernon of counsel), for Anita Coote, respondent.
Marsh Law Firm PLLC, New York (James R. Marsh of counsel), for Jeremiah Suppes, respondent.
Herman Law, New York (Stuart S. Mermelstein of counsel), for E.T., respondent.
Nagel Rice, LLP, New York (Bradley L. Rice of counsel), for Bruce H. Morrison Sr., respondent.
Levy Konigsberg, LLP, New York (Matthew J. Shock of counsel), for James A. Filardi, respondent.



Order, Supreme Court, Bronx, Kings, New York, Queens, and Richmond Counties (George J. Silver, D.C.A.J.), entered on or about March 30, 2021, which, insofar as appealed from as limited by the briefs, denied defendants' motions to vacate or modify certain provisions of the September 18, 2020 confidentiality order, unanimously modified, on the facts and in the exercise of discretion, to grant the motions to modify the confidentiality order to the extent stated herein, and otherwise affirmed, without costs.
This appeal concerns the thousands of cases commenced across New York City under the recently enacted Child Victims Act (CVA), which extended the time in which certain cases involving sexual misconduct against children could be brought (see CPLR 208[b], 214-g). These cases were informally aggregated pursuant to 22 NYCRR 202.72(1) and assigned to Justice Silver as the CVA Regional Part Judge.
Justice Silver issued Case Management Order No. 2 (CMO #2), which delayed disclosure of broad categories of documents to be produced by defendants until entry of a confidentiality order or submission of proposed orders. Following the submission, Justice Silver issued the subject confidentiality order.
Of relevance here, the order allowed any party to designate discovery as "Confidential" to the extent it contained "non-publicly disclosed information, including data, summaries, and compilations derived therefrom, that contains scientifically, medically, financially, commercially sensitive information and/or private information as defined in NY Shield Act, N.Y. General Business Law § 899-aa" or health information. It also permitted disclosure of materials so designated to "the parties" to a civil CVA claim "involving one or more of the same parties or one or more of the same alleged abusers" and prohibited dissemination of such materials to "any person not reasonably involved in the prosecution, defense, or settlement" of such a claim (the Sharing Provisions). It further provided that, in the event a "Receiving Party" objected to a confidential designation, it was the "Producing Party's" burden to seek relief from the court and to "justify[] the propriety of its designation." The order also specified that there was no waiver of any party's "right to object to any discovery request on any ground," to assert "any applicable privilege or protection," or to apply for "further or additional protective orders" (the No Waiver Provision).
Multiple defendants moved to vacate the Sharing provisions, reverse the burdens set forth in the Challenge Provision, and add additional categories of documents to those that could be designated as Confidential. In addition, defendant The New York Foundling, sought to create procedures for in camera review of foster care and adoption records and defendant Ireland Province, Society of African Missions, Inc. d/b/a Society of African Missions — American Province (SMA), a foreign entity organized under Irish law, sought to limit its [*2]disclosure obligations to comply with the European Union (EU) General Data Protection Regulation (GDPR).
Supreme Court held that the Sharing Provisions supported the CVA's goals of efficiency and case coordination. On specific objections to the confidentiality, Supreme Court held that it was not necessary to modify the definition of confidential information because employment and educational records were "directly relevant" to defendants' knowledge of the abusers' propensity to commit the acts alleged. It also held that it was appropriate to place the burden of demonstrating confidentiality on the defendant who made the designation because, otherwise, "nothing would prevent defendants from designating each and every document as confidential," forcing plaintiffs to "make myriad applications seeking to unseal records." We recognize the formidable work done to craft a confidentiality order in this important and sensitive litigation. For the reasons stated below however, we find that certain limited modification of the confidentiality order is warranted.
In § IV(1)(a), the language "involving one or more of the same parties or one or more of the same alleged abusers," is replaced with "involving the same alleged abuser. Not less than 20 days prior to such disclosure, the Receiving Party must provide notice of the intended disclosure to the Producing Party, specifying the date thereof, identity of the intended recipient(s), and nature of the documents to be disclosed." In § II (1), the language "any person not reasonably involved in the prosecution, defense, or settlement of a civil claim related to allegations of child sexual abuse involving one or more of the same parties or one or more of the same alleged abusers," is replaced with "any person not authorized to receive such materials pursuant to § IV herein." These modifications are necessary to create consistency between these provisions, to ensure that only material and necessary information is shared, and to protect defendants' rights to object to sharing and to enforce the prohibitions on further dissemination.
In addition, § III(1)(a)(i) is modified to include an additional category of documents that may be designated as confidential — namely, "personal information, including educational and employment records." Although these documents are indisputably relevant, designating them confidential will not affect defendants' obligation to disclose them but only the breadth of their dissemination.
These same provisions also adequately preserve defendants' rights to object to discovery or sharing of documents subject to the European Union's General Data Protection Regulation.
Defendant The New York Foundling is correct that heightened protections are afforded to foster care and sealed adoption records (see Domestic Relations Law § 114; Golan v Louise Wise Servs., 69 NY2d 343, 347-348 [1987] [adoption records]; Social Services Law § 372[3], [4][a]; K.B. v SCO Family of Serv., 159 AD3d 416, 417 [[*3]1st Dept 2018] [foster care records]). However, the no waiver provision (§ VIII [3]) of the confidentiality order already preserves defendants' rights to object to discovery requests for such records, and the above modifications to § IV(1)(a) give defendants 20 days in which to object to the sharing of such documents across actions. In the event defendant The New York Foundling objects to the discovery request, these records will be submitted for an in camera review by Supreme Court to determine their discoverability.
Section IV (4) properly places the burden of justifying the confidential designation on the Producing Party, as the burden of demonstrating that disclosure is improper is always on the party seeking to avoid disclosure (see Liberty Petroleum Realty, LLC v Gulf Oil, L.P., 164 AD3d 401, 403-404 [1st Dept 2018]; R.C. Church of the Good Shepherd v Tempco Sys., 202 AD2d 257, 257-258 [1st Dept 1994]). Further, Supreme Court providently exercised its discretion in upholding the requirement that the Producing Party make a motion to retain a challenged confidentiality designation. While some confidentiality orders require the Receiving Party to make such motions, the burden of establishing the propriety of the designation is still placed on the Producing Party (see e.g. 22 NYCRR 202.70, Appx B, § 4; Brummer v Wey, 2019 NY
Slip Op 33757[U], *5-9 [Sup Ct, NY County 2019]; Exeter Law Group LLP v Immortalana Inc., 2017 NY Slip Op 30092[U], *2-5 [Sup Ct, NY County 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021