# Ceratosaurus Invs., LLC v B2C Alternative Equity, LLC

## 2025 NY Slip Op 33024(U)

### August 7, 2025

### Supreme Court, New York County

### Docket Number: Index No. 653758/2024

### Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ANDREW BORROK**

*Justice*

PART 53

------------------------------------------------------------------------X

CERATOSAURUS INVESTORS, LLC, BOWAY HOLDINGS, LLC

Plaintiff,

- v -

B2C ALTERNATIVE EQUITY, LLC, RON CHARNIS,

Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 653758/2024 |
| MOTION DATE | 06/10/2025, 06/10/2025 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 48, 50, 52, 56, 57, 58

were read on this motion to/for                                 DISCOVERY                                 .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 41, 42, 43, 44, 45, 46, 47, 51, 59, 60, 61, 62, 63, 64, 65

were read on this motion to/for                                 MISCELLANEOUS                                 .

Upon the foregoing documents, the plaintiffs' motion (Mtn. Seq. No. 002) to compel is

GRANTED to the extent that the defendants are directed to produce all documents responsive to

the plaintiffs' first RFP Nos. 1, 2, 11, 16, 26, 58, and 59, except to the extent that these

documents contain or consist of the financial information of B2C Alternative Equity, LLC (**B2C**)

and Ron Charnis.[1]

CPLR § 3101 requires full disclosure of all matter material and necessary in the prosecution or

defense of an action.  As a guiding principle, the words "material and necessary" are to be

"interpreted liberally to require disclosure of . . . any facts bearing on the controversy' (*Rivera v*

---

[1] The plaintiffs' motion (Mtn. Seq. No. 002) to compel, as to the matter of last known addresses of individuals identified in interrogatory responses, has been resolved by the parties (NYSCEF Doc. No. 56 ¶ 13).

**653758/2024   CERATOSAURUS INVESTORS, LLC ET AL vs. B2C ALTERNATIVE EQUITY, LLC ET AL**
**Motion No.  002 003**

**Page 1 of 4**

1 of 4

[* 1]

*NYP Holdings Inc.*, 63 AD3d 469, 469 [1st Dept 2009] *citing Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 (1968)]). A party seeking to avoid disclosure bears the burden of showing that the disclosure sought is improper (*Roman Catholic Church of the Good Shepherd v Tempco Systems*, 202 AD2d 257, 258 [1st Dept 1994]).

Although plaintiffs are entitled to discovery of the communications surrounding and related to the contemplated Assignment of Claim and the Trade Confirmation as material and necessary to the claims in this case (CPLR § 3101 [a]; *Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014]), the plaintiffs are not entitled to the financial information of B2C and Mr. Charnis because the plaintiffs are not entitled to what amounts to post-judgment collections discovery at this time. As such, their motion is granted to the extent that the defendants shall produce all documents responsive to the plaintiffs' first RFP Nos. 1, 2, 11, 16, 26, 58, and 59, except to the extent that these documents contain or consist of the financial information of B2C and Mr. Charnis, within 14 days of this decision and order.

The defendants' motion (Mtn. Seq. No. 003) to compel is GRANTED to the extent that the plaintiffs are directed to produce all documents responsive to defendants' RFP Nos. 7, 8, 9, and 10 within 14 days of this decision and order.[2] Central to the dispute is whether the positions taken by the plaintiff with respect to the Assignment of Claim included "customary representations, warranties, covenants, agreements, indemnities, recourse and other provisions for the sale of a bankruptcy claim" (NYSCEF Doc. No. 1 ¶ 39) or whether the positions taken by the plaintiff were inconsistent with those that are customary. Material and necessary to the

---

[2] The defendant's motion (Mtn. Seq. No. 003) to compel, as to defendants' RFP Nos. 5 and 6, as well as the dispute on the definition of a "bankruptcy claim", has been resolved by the parties (NYSCEF Doc. No. 59 at 19-22).

**653758/2024 CERATOSAURUS INVESTORS, LLC ET AL vs. B2C ALTERNATIVE EQUITY, LLC ET AL**
**Motion No. 002 003**

**Page 2 of 4**

[* 2]

position advanced by the defendants includes understanding how the plaintiffs settled other trades, including trade confirmations and assignment of claim agreements with others. Thus, the defendants' motion to compel is granted in its entirety. The defendants are entitled to this quantum of information from November 22, 2022 (when FTX filed for bankruptcy) until present. The plaintiffs arbitrary attempt to limit their production based on when these parties began transacting is simply without credible legal basis under the circumstances. Ultimately, this is a matter for the experts to opine on including if events occurred which changed the manner in which the plaintiffs did business, and why, not a basis to limit discovery. Finally, the plaintiffs must produce documents relating to their alleged damages up to the present as they allege that their damages continue to accrue pursuant to RFP Nos. 11 and 13 within 14 days of this decision and order.

Accordingly, it is hereby

ORDERED that the plaintiffs' motion (Mtn. Seq. No. 2) to compel is granted to the extent that that the defendants are directed to produce all documents responsive to the plaintiffs' first RFP Nos. 1, 2, 11, 16, 26, 58, and 59, except to the extent that these documents contain or consist of the financial information of B2C and Mr. Charnis, within 14 days of this Decision and Order; and it is further

ORDERED that the defendants' motion (Mtn. Seq. No. 3) to compel is granted to the extent that the plaintiffs are directed to produce all documents responsive to defendants' RFP Nos. 7, 8, 9, 10, 11, and 13 to the extent set forth above, within 14 days of this Decision and Order.

653758/2024   CERATOSAURUS INVESTORS, LLC ET AL vs. B2C ALTERNATIVE EQUITY, LLC           Page 3 of 4
ET AL
Motion No.  002 003

3 of 4

[* 3]

[* 4]

2025080709S233AB0RR0KFE885ACB141D49CDBBD6D7F576331C53

**8/7/2025**

**DATE**

**ANDREW BORROK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | **X** | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**653758/2024   CERATOSAURUS INVESTORS, LLC ET AL vs. B2C ALTERNATIVE EQUITY, LLC ET AL**          **Page 4 of 4**

**Motion No.  002 003**