Lituma v Liberty Coca-Cola Beverages LLC (2025 NY Slip Op 06389)

Lituma v Liberty Coca-Cola Beverages LLC

2025 NY Slip Op 06389

Decided on November 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 20, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rosado, Hagler, JJ. 

Index No. 33275/20|Appeal No. 5218|Case No. 2025-00995|

[*1]Steven Antonio Cadena Lituma et al., Plaintiffs-Appellants,
v
Liberty Coca-Cola Beverages LLC et al., Defendants-Respondents.

Salerno & Goldberg, P.C., Deer Park (Allen Goldberg of counsel), for Steven Antonio Cadena Lituma and Wilson D. Cadena Lituma, appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Jorge Emerson Godoy Alvarado and Amparo Yaqueline Hernandez, appellants.
Marshall Dennehey, P.C., New York (Diane K. Toner of counsel), for respondents.

Order, Supreme Court, New York County (Ben R. Barbato, J.), entered on or about February 7, 2025, which granted defendants' motion to the extent of vacating the note of issue and ordering further discovery, unanimously affirmed, without costs.
A motion to vacate a note of issue made more than 20 days after service of the note of issue should be granted so long as the movant can make a "showing of good cause," which "is established when the [movant] demonstrates unusual or unanticipated circumstances and substantial prejudice" (Taylor v Enterprise FM Trust, 214 AD3d 493, 494 [1st Dept 2023]). A trial court's ruling on a motion to vacate a note of issue is reviewed under an abuse of discretion standard (see Oldcastle Precast, Inc. v Steiner Bldg. NYC, LLC, 224 AD3d 413, 413 [1st Dept 2024]). Here, the court providently exercised its discretion in finding that unusual or unanticipated circumstances warranted vacating the note of issue. The affidavit from defendants' insurance agent provided a chronology of the events and detailed the links among plaintiffs, medical providers, and other individuals involved in other suspicious accidents. As the suspected fraud began to surface only one month before plaintiffs filed the note of issue, and additional evidence continued to emerge, defendants' delay in filing the motion was not unreasonable.
The court providently exercised its discretion in allowing defendants to seek materials related to the funding of plaintiffs' litigation. "Full disclosure is required of 'all matter material and necessary' to the defense of an action" (Rivera v NYP Holdings Inc., 63 AD3d 469, 469 [1st Dept 2009], quoting CPLR 3101 [a]). "[T]he words material and necessary are to be interpreted liberally to require disclosure of any facts bearing on the controversy" (id. [internal quotation marks omitted]). Defendants established that the demanded information is material and necessary by explaining that it could reveal a financial motive for fabricating the accident (compare Smartmatic USA Corp. v Fox Corp., 2023 NY Slip Op 30886[U], *4-5 [Sup Ct, NY County 2023], with Worldview Entertainment Holdings, Inc. v Woodrow, 204 AD3d 629, 629 [1st Dept 2022]).
The contention by plaintiffs Jorge Emerson Godoy Alvarado and Amparo Yaqueline Hernandez that defendants may not seek discovery based on their affirmative defense and counterclaim premised on fraud, because those claims do not lie in a personal injury action, is not properly before this Court. Plaintiffs never appealed Supreme Court's order entered on about April 8, 2024, which allowed defendants to include the fraud affirmative defense and counterclaim in their amended answer (see Owens v STD Trucking Corp., 220 AD3d 542, 543 [1st Dept 2023]). Furthermore, those plaintiffs never raised this argument in their affirmation in opposition to the motion at issue (see New York Community Bank v Parade Place, LLC, 96 AD3d 542, 543 [1st Dept 2012]).
We need not consider the argument by plaintiffs Alvarado and Hernandez that defendants are not entitled to reimbursement for the cost of Hernandez's independent medical exam. The order did not grant relief to defendants on that issue, so Alvarado and Hernandez are not aggrieved (see CPLR 5511).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 20, 2025