| **Nunez-Unda v Adrien** |
|:---:|
| 2026 NY Slip Op 30866(U) |
| March 5, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 650971/2022 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON.  ANDREW BORROK                PART 53

*Justice*

-------------------------------------------------------------------------------X

JESUS NUNEZ-UNDA,

                         Plaintiff,

- v -

THIBAULT ADRIEN, LAFAYETTE RE MANAGEMENT
LLC, POL OPERATOR LLC,

                         Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650971/2022 |
| MOTION DATE | |
| MOTION SEQ. NO. | 030 031 032 033 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 030) 860, 861, 862, 863, 864, 865, 866, 867, 868, 869, 870, 871, 872, 937, 955, 956, 957, 958

were read on this motion to/for                ORDER OF PROTECTION                .

The following e-filed documents, listed by NYSCEF document number (Motion 031) 875, 876, 877, 878, 879, 880, 881, 882, 883, 884, 885, 938, 976, 977

were read on this motion to/for                DISCOVERY                .

The following e-filed documents, listed by NYSCEF document number (Motion 032) 886, 887, 888, 889, 890, 891, 892, 893, 894, 895, 896, 897, 898, 899, 900, 901, 902, 903, 904, 905, 906, 907, 908, 909, 910, 911, 912, 913, 929, 930, 939, 971, 972, 973, 974

were read on this motion to/for                DISCOVERY                .

The following e-filed documents, listed by NYSCEF document number (Motion 033) 914, 915, 916, 917, 918, 919, 920, 921, 922, 923, 924, 925, 926, 927, 928, 940, 959, 960, 961, 962, 963, 964, 965, 966, 967, 968, 969, 970, 975, 1034, 1035, 1036, 1037

were read on this motion to/for                DISCOVERY                .

Upon the foregoing documents and for the reasons set forth on the record (*tr.* 3.3.26), (i)

Lafayette Re Management (**Lafayette Re**)'s and Thibault Louis Philippe Adrien's (collectively

the **Lafayette-Defendants**)' motion for an order of protection (Mtn. Seq. No. 30) is GRANTED;

(ii) the Lafayette-Defendants' motion to compel (Mtn. Seq. No. 31) is withdrawn without

prejudice; (iii) the Plaintiff's motion to compel (Mtn. Seq. No. 32) is GRANTED  to the extent

650971/2022   vs.
Motion No.  030 031 032 033

Page 1 of 8

[* 1]

set forth below, and (iv) the Lafayette-Defendants' motion to compel (Mtn. Seq. No. 33) is GRANTED to the extent set forth below.

## DISCUSSION

### A. Motion Sequence Number 30 is Denied

Reference is made to a laptop protocol stipulation (the **Laptop Protocol**; NYSCEF Doc. No. 153), by and between the Plaintiff and the Defendants, dated October 8, 2024. Pursuant to the Laptop Protocol, the parties agreed to a procedure for collecting information from the Plaintiff's work-issued laptop (the **Laptop**).

The Lafayette-Defendants moved pursuant to CPLR § 3103 to compel the Plaintiff to return a hard drive that contains a forensic image of the Laptop (the **Hard Drive**) which includes certain confidential information that was produced by the Lafayette-Defendants but should not have been, and which is currently in the possession of the Plaintiff's e-discovery vendor, K2 Discovery Advisors Inc. (**K2**). Subsequently, the Lafayette-Defendants turned over a forensic image of the Laptop which properly reflected Mr. Nunez-Unda's laptop as of end of his employment (but which did not include the confidential information which should not have been produced and which is part of the forensic image that is on the Hard Drive).

The Plaintiff had refused to turn over the Hard Drive because, according to the Plaintiff, it provided the Plaintiff with material and necessary information to its defense to claims asserted against him regarding deletions.

650971/2022    vs.
Motion No. 030 031 032 033

Page 2 of 8

2 of 8

However, following the submission of the parties' papers, the Lafayette-Defendants agreed to withdraw their counterclaims that allege damages stemming from the Plaintiff either deleting data on his Laptop or using his Laptop to delete data (*tr.* 3.3.26). Inasmuch as the deletions are no longer relevant to an issue in this case, the motion is GRANTED, and the Plaintiff must immediately turn over the Hard Drive.

> B. *Motion Sequence Number: (i) 32 is Granted to the Extent Set Forth Below, (ii) 33 is Granted to the Extent Set Forth Below,, and (iii) 31 is Withdrawn Without Prejudice*

CPLR § 3101 requires "full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." As a guiding principle, the words "material and necessary" are to be "interpreted liberally to require disclosure of . . . any facts bearing on the controversy' (*Rivera v NYP Holdings Inc.*, 63 AD3d 469, 469 [1st Dept 2009] [quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 (1968)]). A party seeking to avoid disclosure bears the burden of showing that the disclosure sought is improper (*Roman Catholic Church of the Good Shepherd v Tempco Systems*, 202 AD2d 257, 258 [1st Dept 1994]).

Pursuant to CPLR § 3124, "if a person fails to respond or to comply with any request, notice, interrogatory, demand, question or order under this article, except a notice to admit under § 3123, the party seeking disclosure may move to compel compliance or a response." A party can "not be compelled to produce information that did not exist or which he did not possess" (*Corriel v Volkswagen of America, Inc*, 127 AD2d 729, 730 [2d Dept 1987]).

650971/2022   vs.
Motion No.  030 031 032 033

Page 3 of 8

Nonetheless, CPLR § 3101 establishes three categories of protected materials: privileged matter, attorney work product, and trial preparation materials (CPLR § 3101). Communications subject to the attorney-client privilege are "absolutely immune from discovery" (CPLR § 3101[b]). The attorney-client privilege "applies to confidential communications between clients and their attorneys made 'in the course of professional employment'' (*New York Times Newspaper Div. of New York Times Co. v Lehrer McGovern Bovis, Inc.*, 300 AD2d 169, 171 [1st Dept 2002], quoting CPLR § 4503 [a]). The attorney-client privilege applies to communications from a client to an attorney "made for the purpose of obtaining legal advice and directed to an attorney who has been consulted for that purpose" (*Rossi v Blue Cross and Blue Shield of Greater New York*, 73 NY2d 588, 593 [1989]). Furthermore, documents subject to work product privilege must be prepared in anticipated of litigation for the protection to apply (*MBIA Ins. Corp. v Countrywide Home Loans, Inc.*, 93 AD3d 574, 574 [1st Dept 2012]; CPLR § 3101 (d)(2)).

        *a. Motion Sequence Number 32*

The Plaintiff moves to compel the Lafayette-Defendants to:

> (a) provide responsive documents with respect to Request Nos. 89, 118, 128, 165, 179, 184-186, 206-209, 212-215 and 217 of in Plaintiff's First through Fifth Set of Demands for Discovery and Inspection;
> (b) provide a supplemental response to Plaintiff's Fifth Demand for Discovery and Inspection;
> (c) provide a supplemental response to Plaintiff's Second Set of Interrogatories (interrogatory No. 12) regarding a calculation of Lafayette-Defendants' alleged damages;
> (d) provide a supplemental response to Plaintiff's Third Set of Interrogatories (Interrogatories Nos. 13-14);
> (e) to
>> (i) produce certain communications responsive to Plaintiff's discovery requests Lafayette-Defendants have withheld or produced in redacted form based on assertions of attorney-client privilege and attorney work product immunity cooperation privilege, or, in the alternative, to order Lafayette-Defendants to

[* 4]

provide all documents reflecting such communications to the Court for in camera review;

(ii) provide a revised privilege log to the extent that the privilege log(s) fails to identify the issue in the communications or documents that Lafayette Defendants claims to be privileged;

(iii) if the Court finds that Lafayette-Defendants' privilege assertions are not waived by virtue of failing to provide a Commercial Division Rule 11-b certification for the documents on Lafayette-Defendants two categorical privilege logs, that Lafayette-Defendants be directed to provide compliant Rule 11-b certifications for same

(NYSCEF Doc. No. 939).

As discussed (*tr.* 3.3.26), the Lafayette-Defendants: (i) committed to providing documents responsive to request number 89; (ii) have committed to re-reviewing the privilege log for request number 118 and to providing any non-privileged responsive documents; (ii) will produce any non-privileged documents identified by Gina Donatoni at her deposition if the Plaintiff makes a post-EBT demand, resolving request number 128; (iii) will stipulate that the transfer at the subject of request number 217 was to Adrien's personal bank account; (iv) provided a Rule 11-b(b)(1) certification for the privilege logs identified in Exhibits 19 and 20 to the Marcus Affirmation as requested by the Plaintiff; (v) agreed to provide a supplemental response to the Plaintiff's Second Set of Interrogatories (Interrogatory No. 12) regarding a calculation of Lafayette-Defendants' alleged damages; and (vi) will produce any responsive materials are identified during the continuing review for request number 165, 179, 184, 185, 186 and 212. As such, this branch of the motion is DENIED without prejudice as moot.

The Plaintiff is not however entitled to (i) documents and communications for request numbers 206, 214, and 215 as the materials sought are protected by attorney-client privilege and/or prepared in anticipation of litigation and/or attorney work product (*see* CPLR §§ 3101[b], [c],

650971/2022    vs.
Motion No.  030 031 032 033

Page 5 of 8

5 of 8

[d][2]); (ii) documents or communications responsive to request numbers 207, 208, 209, and 213 as the information sought is not relevant to the issues in this case; (iii) a supplemental response to Plaintiff's Third Set of Interrogatories (Interrogatories Nos. 13-14) because the Plaintiff cannot logically allege harassment from people viewing his LinkedIn account as he invited public viewing of his information when he posted that information publicly; and (iv) to the communications between the Lafayette-Defendants and their counsel regarding the Plaintiff's immigration and visa status as they are protected by attorney-client privilege (*see* CPLR §§ 3101[b]). Thus, the Lafayette-Defendants have met their burden to show that these disclosures would be improper (*see Roman Catholic Church of the Good Shepherd*, 202 AD2d at 258) and the branch of the motion seeking this information is DENIED.

However, the Lafayette-Defendants are ORDERED to provide a supplemental response to Plaintiff's Fifth Demand for Discovery and Inspection withdrawing objections relating to the PPP loans. As discussed (*tr.* 3.3.26), among other things, it is not clear from the Settlement Agreement (NYSCEF Doc. No. 961) what the Settlement Amount was for. It does not appear to be 2.5x the amount of one of the loans as the Plaintiff suggested (*tr.* 3.3.26). The Settlement Amount appears to be the amount of repayment of both loans plus an additional approximately $5,000.

  b. *Motion Sequence Number 33*

Reference is made to a Decision and Order (the **November Decision**, NYSCEF Doc. No. 806), dated November 7, 2025, pursuant to which the Court rejected Mr. Nunez-Unda's position that his own lawyers were not within his custody and control such that he had no obligation to

650971/2022 vs.
Motion No. 030 031 032 033

Page 6 of 8

[* 6]

produce documents with those lawyers because he could not.  At that time, the Court also rejected the position that every communication with a lawyer is privileged  (*see WA Rte. 9, LLC v PAF Capital LLC*, 136 AD3d 522, 523 [1st Dept 2016]; *see, e.g.*, *Gottwald v Sebert*, 161 AD3d 679, 680 [1st Dept 2018]).  According to the Lafayette-Defendants, Max Rodriguez, Esq., who is Mr. Nunez-Unda's counsel in the *Qui Tam* action (*see* NYSCEF Doc No. 918 at 90:18-96:3) was hired to put together press releases and to provide PR services – i.e., that they neither relate to legal advice nor legal strategy and thus are not subject to the attorney-client privilege at all.

As discussed, the Plaintiff has improperly withheld and concealed  certain documents and has not produced the retainer agreement with Mr. Rodriguez.  Nor has the Plaintiff provided a proper itemized privilege log.  Both of which he must do.  It is his burden to demonstrate that privilege applies (*see Sage Realty Corp, v Proskauer Rose LLP*, 251 AD2d 35, 40 [1st Dept 1998]).  Additionally, the Lafayette-Defendants explain that Mr. Nunez-Unda failed to make them aware of the existence of other documents prior to Mr. Rodriquez's deposition.  These documents must be produced together with an itemized privilege log within 30 days of this Decision and Order.  Following the production of the non-privileged documents and appropriate privilege log, the Lafayette-Defendants may take another deposition of Mr. Rodriquez at the Plaintiff's sole cost and expense.

###### c.  *Motion Sequence Number 31*

Motion Sequence Number 31 seeking to compel the production of certain documents is withdrawn without prejudice because the parties have indicated that they have reached a conceptual agreement as to this issue.

650971/2022   vs.
Motion No.  030 031 032 033

Page 7 of 8

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is hereby ORDERED that Motion Sequence Number 30 is GRANTED; and it is further

ORDERED that Motion Sequence Number 31 is WITHDRAWN without prejudice; and it is further

ORDERED that Motion Sequence Number 32 is GRANTED as set forth above; and it is further

ORDERED that Motion Sequence Number 33 is GRANTED as set forth above.

.

20260305134123AB0RR0K85D99CP4FB241B78CB411177409364C

**3/5/2026**
**DATE**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**650971/2022   vs.**
**Motion No.  030 031 032 033**

**Page 8 of 8**

[* 8]