Trump v Trump

2026 NY Slip Op 02735

April 30, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Donald J. Trump, Plaintiff-Respondent,

v

Mary L. Trump, Defendant-Appellant. The New York Times Company Doing Busniess as The New York Times et al., Defendants.

Decided and Entered: April 30, 2026

Index No. 453299/21|Appeal No. 6199|Case No. 2025-03886|

Before: Webber, J.P., González, Mendez, O'neill Levy, Hagler, JJ.

Gibson, Dunn & Crutcher LLP, New York (Lee R. Crain of counsel), for appellant.

Madaio Eyet & Associates, New York (Michael T. Madaio of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Robert R. Reed, J.), entered May 21, 2025, which, to the extent appealed from, denied defendant Mary Trump's motion to compel certain discovery, unanimously reversed, on the law, without costs, the motion granted and the matter remanded for further proceedings.

Plaintiff commenced this action against defendant for breach of the confidentiality provisions of a 2001 settlement agreement. In her answer, defendant asserted the affirmative defense of fraudulent inducement. Specifically, she alleged that she relied upon the valuation of certain assets set forth in the parties' 2001 settlement agreement, and that those valuations were false. Defendant's motion to compel seeks discovery of materials related to the valuations provided in the settlement agreement. Plaintiff bears the burden of establishing that the discovery sought by defendant, which relates to an affirmative defense of fraudulent inducement that plaintiff has not otherwise challenged in this action, is improper (see Roman Catholic Church of Good Shepherd v Tempco Sys., 202 AD2d 257, 258 [1st Dept 1994]).

Supreme Court improvidently exercised its discretion in denying defendant's motion. CPLR 3101(a) directs "full disclosure of all matter material and necessary in the prosecution or defense of an action," and is to be "interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening issues and reducing delay and prolixity" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). These principles entitle defendant to the requested discovery material to establish her affirmative defense (see Rivera v NYP Holdings Inc., 63 AD3d 469, 469 [1st Dept 2009]; Roman Catholic Church of Good Shepherd, 202 AD2d at 257-258).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 30, 2026